2 Ill. App.3d 814 (1972)
277 N.E.2d 743
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,
v.
MICHAEL BRISENO, Defendant-Appellant.
No. 71-32.
Illinois Appellate Court  Second District.
January 10, 1972.
*815 Bernard Brody and Edward M. Genson, both of Chicago, for appellant.
William V. Hopf, State's Attorney, of Wheaton, (Malcolm F. Smith, Assistant State's Attorney, of counsel,) for the People.
Judgment affirmed.
Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:
The defendant, Michael Briseno, was charged with felony theft under Section 16-1(d)(1) of the Criminal Code (Ill. Rev. Stat. 1967, ch. 38, sec. 16-1(a)(1), found guilty in a bench trial and sentenced to one to four years in the penitentiary.
At 4:50 A.M., May 16, 1969, Officer Schorman of the Villa Park Police observed two males in the parking lot of Hejhal Oldsmobile. After radioing for assistance, he observed a 1957 Chevrolet moving out of the lot. Responding to the call for assistance, Officer Urso stopped the existing auto. The driver and passenger, Richard Briseno and his brother Michael, were searched, handcuffed and placed under arrest. The car was then searched and on the right front floorboard were found 16 chrome lug nuts wrapped in a sweater; in the trunk were two whitewall tires mounted on magnesium wheels. Officer Schorman searched the Hejhal lot and found a new Oldsmobile which was missing two tires, magnesium wheels and 16 lug nuts.
Both brothers were indicted for theft and found guilty. Only Michael Briseno appeals.
 1 The defendant first alleges that the value of the stolen property was not proven to be in excess of $150. In order to have a valid conviction for the felony (rather than the misdemeanor) of theft the value of the stolen property must be proven, beyond a reasonable doubt, to be in *816 excess of $150. Ill. Rev. Stat. 1967, ch. 38, sec. 16-1; The People v. Tassone (1968), 41 Ill.2d 7, 12; People v. Kurtz (1966), 69 Ill. App.2d 282, 288, affirmed in part and reversed in part on other grounds, (1967) 37 Ill.2d 103.
At the trial, the service manager for Hejhal Oldsmobile referred to an Oldsmobile Parts and Accessory Catalogue and testified to the value of the stolen property. He stated that the retail price of the tires, wheels and lug nuts was $201.54; that with the maximum discount allowable to certain customers the price was $151.59; that the dealer's cost was $128.08. All prices quoted excluded tax. Raul Briseno, the father of the defendant, testified that during the trial he purchased two identical wheels and tires for $130.68, tax excluded. A defense witness, employed by another Oldsmobile dealer, testified from a price list which he stated was in effect at the time of the theft. On direct examination he testified to the retail and discounted prices for only the magnesium wheels; on cross examination he testified that the retail price of all the stolen property was $166.60.
 2, 3 The criterion used in determining value in theft cases is the fair cash market value at the time and place of the theft. (The People v. Kurtz, supra, at 110-111; The People v. Stewart (1960), 20 Ill.2d 387, 393; People v. Hayes (1971), Ill. App.3d, 272 N.E.2d 423, 427.) The defendant alleges that Hejhal's cost is determinative of market value because the dealer's loss due to the theft would have been only the cost for replacement of the property. In Illinois law, however, cost does not determine fair market value. The People v. Rose (1960), 19 Ill.2d 292, 295; The People v. Todaro (1958), 14 Ill.2d 594, 601; People v. Hayes, supra at 427.
 4, 5 The defendant contends that the trial judge erred in finding the retail price indicative of the fair cash market value, basing this contention upon the fact that Hejhal sells wheels, tires and lug nuts to gas stations and insurance companies at discounted prices, concluding that "no one market should be used in determining value." Concomitantly, testimony indicated that, at the highest discount allowable, the price of the stolen items would be in excess of $150. Substantively, however, the contention is answered by the fact that case law sets forth retail price as a proper measure of market value. (The People v. Hansen (1963), 28 Ill.2d 322, 340; People v. Leman (1968), 95 Ill. App.2d 212, 218-219; People v. Davis (1968), 94 Ill. App.2d 86, 88-89.) In Hansen the Supreme Court held that where, at the time of the theft, the retail market is the only market open for sale, the retail price determines market value. In the case at bar it is admitted by the defendant that the stolen items were part of an auto awaiting sale; evidence indicated that the retail prices for the *817 optional whitewall tires, magnesium wheels and chrome lug nuts were included in the retail price of the auto. Therefore, as in Hansen, the retail market was the market open for the sale of the property stolen. Since both a prosecution witness and a defense witness testified that the retail price was in excess of $150, the value necessary for a felony conviction was proven beyond a reasonable doubt.
The trial judge gave little weight to the price which defendant's father paid for the wheels and tires, finding the purchase to be an isolated discount sale and one not necessarily indicative of market value. Additionally, an examination of the record reveals that the father's purchase did not include lug nuts.
 6 Defendant contends that he was not proven guilty beyond a reasonable doubt on the premise that being a mere passenger in a car is insufficient to sustain a conviction for the theft of items found in the car. (The People v. Evans (1962), 24 Ill.2d 11.) The evidence clearly discloses that defendant was more than a mere passenger: the lug nuts were found inside the auto in the area where the defendant had been seated (see, The People v. Reynolds (1963), 27 Ill.2d 523;) a fingerprint expert testified that defendant's fingerprints were found on the Oldsmobile from which the property had been stolen; the defendant's brother Richard testified that he fell asleep in the car while Michael was driving and awoke when they were in Hejhal's lot, that Michael told him it was his turn to drive and that none of the stolen property had been in the auto when they left their home that morning. After reviewing all of the evidence we are satisfied that defendant's guilt was proven beyond a reasonable doubt. (See The People v. Reynolds, supra; People v. Ricketson (1970), 129 Ill. App.2d 365, 378-379.) We therefore affirm the judgment.
Judgment affirmed.
GUILD and SEIDENFELD, JJ., concur.