THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL R. FIX, Defendant-Appellant.

Third District   No. 76-266

Opinion filed December 29, 1976.

Braud, Warner, Neppl & Westensee, of Rock Island (Dennis DePorter, of counsel), for appellant.

Edward Keefe, State's Attorney, of Rock Island (James E. Hinterlong and John X. Breslin, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

After a jury trial defendant, Michael Fix, was convicted of the offense of theft in violation of section 16A—3(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 16A—3(a)). The circuit court of Rock Island County sentenced him to a term of imprisonment of from three to nine years to be served consecutively with another sentence.

Since the errors raised on this appeal are not dependent on a detailed exposition of the facts, they will be set forth only briefly. On November 25, 1975, two employees of the Montgomery Ward Store observed the defendant take two coats from a rack, place them over his arm and walk out of the store without paying for them. He was followed, stopped, arrested and thereafter charged with theft which is sometimes referred to as retail theft.

On this appeal two errors are urged. First, it is claimed that the provision of the statute under which defendant was convicted is unconstitutional. Second, it is claimed the form of the sentence is erroneous.

The constitutional issues raised by the defendant involve two provisions of the statute (Ill. Rev. Stat. 1975, ch. 38, pars. 16A—3 and 16A—4). First we shall consider the error assigned with respect to the second provision. Section 16A—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 16A—4) provides:

"Presumptions. If any person:

(a) conceals upon his person or among his belongings, unpurchased merchandise displayed, held, stored or offered for sale in a retail mercantile establishment; and

(b) removes that merchandise beyond the last known station for receiving payments for that merchandise in that retail mercantile establishment such person shall be presumed to have possessed, carried away or transferred such merchandise with the intention * * * of depriving the merchant permanently of the possession, use or benefit of such merchandise without paying the full retail value of such merchandise."

The objection raised to the foregoing provision is generally that it is an improper presumption not having an adequate basis in fact. There is however a preliminary hurdle to a consideration of this issue since as the People point out no issue of concealment is raised by the facts. Therefore, according to the People, the defendant is and cannot be aggrieved by this provision of the statute. We agree.

■■ A review of the record and the facts relied upon by the defendant indicates that defendant made no effort to conceal the coats and there is no application or consideration of the presumption by the jury. Even if we were to accept the defendant's theory, and we express no opinion on it, it could have no effect on the defendant's conviction. (*City of Elmhurst v. Buettgen*, 394 Ill. 248, 68 N.E.2d 278.) Accordingly, we decline to consider this assignment of error.

The next assignment of error regarding the constitutional issue involves section 16A—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 16A—3), which provides:

"A person commits the offense of retail theft when he knowingly:

(a) Takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale in a retail mercantile establishment with the intention of retaining such merchandise or with the intention of depriving the merchant permanently of the possession, use or benefit of such merchandise without paying the full retail value of such merchandise."

Defendant insists this provision violates the 1970 Illinois Constitution, article IV, section 13, prohibiting special legislation and the Fourteenth Amendment to the Constitution of the United States because it deprives him of equal protection of the law. Defendant's argument is twofold. First, he argues that because the statutory provision applies only to the theft of property from a retail mercantile establishment it does not apply to all classes similarily situated. Second, he argues that the purpose and effect of the statutory provision has no relation to any legitimate legislative purpose dependent upon the nature of the class described.

610

■■ ■ We have no quarrel with the general principle which the defendant seeks to apply and agree that if the legislation attempts to treat differently those similarly situated, such legislation will violate both the State and Federal constitutional requirements relied on. (*Bridgewater v. Hotz*, 51 Ill. 2d 103, 281 N.E.2d 317.) Legislation is presumed to be constitutional, and the burden is upon the person claiming otherwise to demonstrate such unconstitutionality. (*Williamson v. Lee Optical*, 348 U.S. 483, 99 L. Ed. 563, 75 S. Ct. 461.) In support of his position the defendant insists that the nature of a retail establishment is no different from that of a wholesaler or that of an owner of any other premises from which a theft may occur. We do not agree with this assertion. It requires only a cursory consideration of the nature of a retail establishment to conclude that the manner in which such business displays its merchandise, sells the same to customers and deals with its customers justifies the conclusion that these characteristics distinguish the business from that of a wholesaler, banker, manufacturer or some other type of business establishment. With respect to the criminal offense described by the statute we believe that the classification of retail mercantile establishment does not describe an impermissible classification.

■■ Likewise, we believe the nature of the retail business and the purpose which the statute seeks to accomplish are generally related to the problems of the retail business. Where, as is the case with most retail mercantile establishments, the customer and the property available for sale are intermingled or placed in close proximity, there can be little doubt that the potential for misconduct by theft is significant and uniquely related to the nature of the business. We find nothing improper in providing a special theft statute applicable to offenses of this special nature.

Finally, we consider the defendant's assignment of error regarding his sentence. After a hearing in aggravation and mitigation the court imposed sentence in the following language, "2. That the defendant is hereby sentenced to the Department of Corrections for a term of not less than three (3) nor more than nine (9) years, to be served consecutively with any sentence imposed for a violation of the defendant's parole for Armed Robbery in case no. 72-CF-19."

Prior to the offense in the instant case defendant had been convicted of armed robbery and sentenced to the penitentiary. Thereafter he was granted a parole by the Department of Corrections and was on parole at the time of the commission of this offense and was likewise on parole at the time sentence was imposed in this case. No effort had as yet been made to revoke defendant's parole but the trial court believed that such revocation was probable and imminent. This is the factual background

which suggests the reasons for the language employed by the trial court in sentencing the defendant on this charge.

■■ Defendant claims that the language of the sentence is too vague to be enforceable and consequently this case should be remanded for resentence. We agree with the defendant that the sentence language is inept but under the circumstances the intention of the trial court is clearly disclosed and consequently an amendment of the language of the sentence is sufficient to cure any error therein without the necessity of remandment.

Accordingly, we amend paragraph 2 of the sentence to provide as follows, "2. That the defendant is hereby sentenced to the Department of Corrections for a term of not less than three (3) nor more than nine (9) years, to be served consecutively to defendant's previous sentence for armed robbery imposed by the circuit court of Rock Island County in case no. 72-CF-19." Finding no error in the judgment of conviction the judgment of conviction is affirmed. As amended, the sentence imposed by the circuit court of Rock Island County is also affirmed.

Judgment amended and as amended affirmed.

ALLOY, P. J., and BARRY, J., concur.