THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
YVONNE MARGOT MENDOZA, Defendant-Appellant.

Fourth District   No. 14763

Opinion filed August 4, 1978.

Costigan & Wollrab, of Bloomington (Paul R. Welch, of counsel), for appellant.

Ronald C. Dozier, State's Attorney, of Bloomington (Robert C. Perry and James G. Condon, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The defendant was charged by information with retail theft over $150. After a jury trial, she was convicted and ordered to serve a two-year term of conditional discharge, to serve two days in the county jail, to make restitution, and to pay costs.

On appeal, the defendant contends that the valuation provision of the retail theft act (Ill. Rev. Stat. 1975, ch. 38, par. 16A—2.2) is unconstitutional since it constitutes special legislation and that the trial court erred in admitting the stolen merchandise into evidence.

The Third District Appellate Court has considered a similar contention and rejected the argument that the retail theft statute constitutes special

legislation. (*People v. Fix* (1976), 44 Ill. App. 3d 607, 358 N.E.2d 726.) In *Fix*, the defendant was convicted of the offense of theft in violation of section 16A—3(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 16A—3(a)). On appeal, the defendant argued, *inter alia*, that section 16A—3 constituted special legislation and thus violated article IV, section 13, of the 1970 Illinois Constitution. The court in addressing this argument noted that the nature of a retail establishment differs from that of a wholesaler or that of an owner of any other premises from which a theft may occur. In conclusion on this point, the court stated:

> "Where, as is the case with most retail mercantile establishments, the customer and the property available for sale are intermingled or placed in close proximity, there can be little doubt that the potential for misconduct by theft is significant and uniquely related to the nature of the business. We find nothing improper in providing a special theft statute applicable to offenses of this special nature." *Fix*, 44 Ill. App. 3d 607, 610, 358 N.E.2d 726, 728.

In the instant case, it was not improper for the legislature to provide a measure of value as being conclusive for a particular type of theft. Here, however, the measure of value for theft and retail theft are the same. The defendant argues that the fair cash market value which is used as the determining value in theft cases differs from the full retail value which is used as the determining value in retail theft cases. This, however, is an incorrect conclusion since case law sets forth retail price as a proper measure of market value. (*People v. Briseno* (1972), 2 Ill. App. 3d 814, 277 N.E.2d 743.) The terms "full retail value" and "fair cash market value" are in fact the same for retail items. Thus, the retail theft statute, which is in fact a continuation of the theft statute and not a new enactment (Ill. Rev. Stat. 1975, ch. 38, par. 16A—9), is in accord with the theft statute since the valuation provision is a clarification of the presently existing theft standards.

The defendant also argues that the valuation provision in the retail theft act permits a merchant to determine the seriousness of the offense. It is quite obvious that this is a spurious argument, since merchants do not put prices on the items in their stores in order to prosecute the shoplifters as felons rather than as misdemeanants. The price on an item in a retail store reflects the cost of the item and a markup for expenses and profit. The merchant does not price items in his store anticipating that they will be stolen, rather it is his intention to sell the items at a comparable price with other stores that carry similar merchandise.

■▌ The valuation provision of the retail theft act is, therefore, not special legislation but is in fact a clarification of the theft statute with reference to retail items.

The defendant also argues that the trial court erred in admitting the

merchandise into evidence because the chain of custody was not established and also because the witnesses did not specifically identify the price tags as being unchanged from the time of the offense.

■■ ■ The admissibility of demonstrative evidence rests primarily within the sound discretion of the trial judge and the exercise of that discretion will not be interfered with absent abuse which prejudices the defendant. (*People v. Fair* (1977), 45 Ill. App. 3d 301, 359 N.E.2d 848.) Furthermore, a foundation for the introduction of an object into evidence may be laid either through its identification by a witness or through the establishment of a chain of custody; both are not required. *People v. Greer* (1963), 28 Ill. 2d 107, 190 N.E.2d 742; *People v. Kristovich* (1975), 32 Ill. App. 3d 979, 336 N.E.2d 772.

■■ In the instant case, Brian Meirkord and Lori Rodman, security officers for Bergner's, both identified the exhibits at trial as the items that were taken from the defendant on the day of her arrest. In addition, they both testified that the exhibits, some of which had attached price tags, were in a substantially unchanged condition. Thus, the items that were admitted into evidence were capable of being identified upon sight and were so identified. Proof of chain of custody was therefore unnecessary to establish admissibility. (*People v. Thompson* (1971), 133 Ill. App. 2d 184, 273 N.E.2d 30.) The identification testimony was, therefore, sufficient to establish a foundation for the introduction of the exhibits and there was no abuse of discretion in admitting those exhibits.

The defendant notes that the three items on the inventory list were missing and that some of the exhibits had minor changes from the time of the inventory. This affects, as the trial judge correctly stated, the weight to be given the exhibits and not their admissibility. The rule that an object must be in substantially the same condition when offered in evidence as it was when the crime was committed does not require the prosecution to exclude all possibility that the article may have been tampered with; rather the court must be satisfied that in reasonable probability the article has not been changed in any important aspect. (*People v. Wrona* (1972), 7 Ill. App. 3d 1, 286 N.E.2d 370.) The trial judge was obviously satisfied, and so are we, that the articles had not been altered and thus they were properly admitted into evidence.

The defendant also contends that the witnesses failed to identify the price tags on the merchandise as being substantially unchanged from the time of the offense. This argument is without merit since the witnesses identified the exhibits as being in a substantially unchanged condition from the time of the inventory. The price tags were attached to the exhibit at the inventory as well as at trial and thus it was not necessary for the witnesses to testify that the tags were substantially unchanged.

For the foregoing reasons, the judgment of the Circuit Court of McLean County is affirmed.

Affirmed.

GREEN, P. J., and MILLS, J., concur.