THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RICHARD HEINZ, Defendant-Appellant.

Third District   No. 79-314

Opinion filed August 5, 1980.

John H. Reid and E. William Hutton, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

After trial by jury the defendant, Richard Heinz, was found guilty of the offense of unlawful use of a credit card (Ill. Rev. Stat. 1977, ch. 121½, par. 608). The defendant was sentenced to a term of imprisonment of 1½ years.

The defendant's conviction stems from his attempt to purchase four used tires from a gasoline service station and from his further attempt to pay for the purchase with a Master Charge credit card which belonged to some other person.

During the trial of the defendant there was considerable testimony concerning the identity of the used tires mounted on the car which was involved. The owner of the station, who was not present at the time of the attempted purchase, testified that four Firestone radials were the tires mounted on the vehicle and that based upon the depth of tread remaining on the tires they each had a value of $45. Assistant manager Wayne Davis, who with the help of another individual mounted the tires, testified that the tires in question were radials. It was the testimony of Officer McCarrell that Davis shortly after the incident in question told him that he had placed two radial and two snow or mud tires on the vehicle.

Testimony established that the assistant manager accepted the credit card, made out the requisite sales slip, ran the card and slip through the duplicating machine and then called a Master Charge office. This call by Davis resulted in the defendant fleeing from the station. The Master Charge sales slip was later lost and therefore was not introduced into evidence at the trial.

The sole issue presented in this appeal is whether it was proved beyond reasonable doubt that the tires in question had a value in excess of $150 so as to sustain a felony rather than a misdemeanor conviction.

In considering this issue, we agree with the defendant that the standard to be used in determining the value of the tires should be their fair cash market value, which is the standard followed in theft cases. (*People v. Cobetto* (1977), 66 Ill. 2d 488, 363 N.E.2d 854; *People v. Mendoza* (1978), 62 Ill. App. 3d 774, 379 N.E.2d 380.) In *Mendoza* the reviewing court held that the phrase "full retail value" as used to

determine value in retail theft cases means the same as "fair cash market value." While in the instant case we are not concerned with a conviction under the Criminal Code of 1961 but under our statutory provisions pertaining to sales, and specifically a provision relating to the unlawful use of a credit card, the merchandise in question, though used, was the subject of a retail sale. Accordingly we adopt the standard as being the fair cash market value of the merchandise.

■■ We are not of the opinion that the identity of the tires involved or the thickness of the tread remaining on them is necessary to establish that they had a value in excess of $150. While the sales slip was inadvertently lost, it is nevertheless clear that the testimony of the witness when examined in its entirety was that the credit card sales slip called for a total payment of $180 computed on the basis of four tires at $45 per tire. The defendant in his brief acknowledges that the valuation was $180 but argues that there is a failure to prove that tires with that value were the ones placed on the car. The defendant by tendering a credit card and signing a credit card sales slip indicated that he was willing to purchase four tires which the seller was willing to sell for the price of $180. The record is barren of any evidence the attempted sale was other than one which the defendant was willing to enter into freely and voluntarily. Such circumstances, to wit, a willing seller and a willing buyer for a determined price, establishes the fair market value of merchandise. It has been held that the price placed by retail merchants on various items establishes the market value of such items. (*People v. Mendoza* (1978), 62 Ill. App. 3d 774, 775, 379 N.E.2d 380, 382.) We fail to see any difference in the instant case from the situation and reasoning in *Mendoza*.

For the reasons set forth the conviction of the defendant by the Circuit Court of Peoria County is affirmed.

Affirmed.

ALLOY, P. J., and STOUDER, J., concur.