THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GAYLE M. WILLARD, Defendant-Appellant.
Second District    No. 80-36

Opinion filed December 17, 1980.—Rehearing denied January 20, 1981.

James R. Sullivan, of Oak Brook, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Phyllis J. Perko and Cynthia N. Schneider, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Defendant, Gayle M. Willard, was found guilty in a bench trial of retail theft (Ill. Rev. Stat. 1979, ch. 38, par. 16A—3), and sentenced to one year probation with 30 days' incarceration in the Du Page County Jail as a condition of probation. Defendant contends on appeal that the evidence was insufficient to sustain the conviction, and that the trial court abused its discretion in refusing to modify the condition of probation requiring her incarceration.

On June 10, 1979, defendant entered the Venture Store in Oakbrook Terrace, accompanied by Barbara Belmonte, not a party to this appeal. As they proceeded through the store, the women were observed by Jay Harris, a store security employee. Harris testified that he observed the two split up and that he thereafter followed defendant into the men's wear department. He observed defendant remove two jackets and a pair of pants from their hangers, fold them neatly and place them in a shopping cart on top of her purse. Harris continued that defendant then rejoined Ms. Belmonte in the housewares department where, after looking around, defendant placed these items in Belmonte's purse. Harris claimed to have observed this transfer from a point in the same aisle 25 feet from the women. According to Harris, his view of the transaction was clear and unobstructed. He then followed defendant and Belmonte out of the store, where he apprehended them. A search revealed the jackets, the pants and two women's undergarments in Belmonte's purse. Defendant's purse contained no merchandise.

Defendant testified to going shopping in the Venture Store with Belmonte and to splitting up from her after entering the store. Defendant stated that, although she went to a department across the aisle from the men's wear department, she did not enter the latter department at all. She

denied placing any merchandise in her shopping cart or on top of her purse and stated that she thereafter went to the housewares department, where Belmonte approached her. Belmonte then asked her for a loan of $40 to buy Father's Day gifts. When defendant replied that she did not have that much money, Belmonte said that she was going to take the items. Defendant testified that she then left the store immediately, not knowing whether Belmonte in fact had taken anything. Defendant waited outside until Belmonte joined her, at which time Jay Harris apprehended them both. Defendant's version of events was corroborated by Barbara Belmonte, who testified to taking the items in question from the men's wear department and to taking a scarf and the women's undergarments from the lingerie department. Belmonte continued, that when defendant had been unable to give her a $40 loan, she had told defendant of her intention of taking the suit. Defendant had responded that she didn't want to hear it and had abruptly left the store. Belmonte admitted placing the suit in her purse and leaving the store without paying.

Defendant first asserts that the State failed to establish the "full retail price" of the merchandise which she contends is an essential element of the offense of real theft.

The statute proscribes the taking of merchandise "with the intention of depriving the merchant permanently of the possession, use or benefit of such merchandise without paying the full retail value of such merchandise * * *." (Ill. Rev. Stat. 1979, ch. 38, par. 16A—3(a).) Defendant notes that the State offered no evidence of the full retail price of the items in question, although she acknowledges that the trial court took judicial notice that they had a value over one penny. Defendant takes the view that the plain language of the statute requires proof of the merchant's stated or advertised price, and that proof of the property's market value will not satisfy this requirement. We disagree. Obviously, the reference to "full retail price" is directed at removal of merchandise from the store without paying the fixed price. Only if there were a dispute as to the ticketed price could proof of the "full retail price" become material.

■■ By statute (Ill. Rev. Stat. 1979, ch. 38, par. 16A—4), the concealment of merchandise upon the person or among the belongings of the defendant and the removal of the merchandise beyond the last known station for receiving payment creates the presumption that the defendant acted with the intention of retaining it or of depriving the merchant permanently of the possession, use or benefit of such merchandise without paying the full retail value of such merchandise. We are also not persuaded by defendant's argument that the statutory presumption applies only to the person who actually conceals and removes the merchandise beyond the last paying station. Under the circumstances of this record the trier of fact

could find that defendant acted as an accomplice and was therefore subject to the presumption. In view of the testimony that defendant concealed the items in question in the purse of Barbara Belmonte, who subsequently removed them from the store premises, we hold that the statutory presumption is applicable and that the State's proof does not fail for lack of evidence concerning the merchandise's full retail value.

Defendant also asserts that the evidence of record is palpably contrary to the finding of guilt and is so unreasonable, improbable and unsatisfactory that a reasonable doubt of her guilt is raised by the evidence of record. In a bench trial, it is a matter for the trial judge to determine whether to believe given testimony wholly, partially or not at all. Unless the judge's determination can be shown to have been manifestly erroneous, it will not be disturbed on review. (*People v. Deming* (1980), 87 Ill. App. 3d 953, 960.) Defendant points to discrepancies between the number of garments which Jay Harris claimed to have found in Ms. Belmonte's purse and the number he originally listed on the verified complaint. She also contends that Harris' account of defendant's transfer of the merchandise is suspect given that the partitions between the store's aisles were six feet high and that such a transfer would not likely have been made by persons as allegedly circumspect as defendant and Belmonte had Harris been standing nearby in the same aisle. Moreover, it is contended that Harris' testimony concerning details surrounding the apprehension and interrogation of the women was contradicted by both defendant and Belmonte, and that Harris' testimony concerning the chain of custody of the garments was unsatisfactory. In our view, however, none of the matters raised by defendant leads to a conclusion that his testimony was inherently unreasonable or improbable, nor do we find that his credibility as a witness was materially impeached. Accordingly, we reject defendant's attack on the sufficiency of the evidence to sustain her conviction.

■■ Defendant contends that the trial court erred in refusing to modify the condition of probation requiring her to be incarcerated for 30 days. However, on consideration of the entire record, we cannot hold that the sentence imposed constituted an abuse of discretion. *People v. Cox* (1980), 82 Ill. 2d 268; *People v. Perruquet* (1977), 68 Ill. 2d 149.

We have taken with the case defendant's motion to reverse her conviction without remand for the reason that the merchandise taken from Venture admitted as a group exhibit for the State had been returned by error to the store which was holding it. She states in her motion that this release frustrated her efforts to present this court with the items, but has furnished no facts which would show any prejudice. Moreover, defendant has not established that she could not have retrieved the group

exhibit, nor has she cited any authority authorizing reversal of a conviction solely because of inadvertent release of evidence following a trial. Further, the exhibit would be of no aid in deciding the issues in the appeal. The motion is therefore denied.

The judgment of the circuit court of Du Page County is affirmed.

Judgment affirmed.

WOODWARD and VAN DEUSEN, JJ., concur.