THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROSEMARY McNEAL *et al.*, Defendants-Appellants.

Second District   Nos. 83—280, 83—390 cons.

Opinion filed December 29, 1983.

G. Joseph Weller and Josette Skelnik, both of State Appellate Defender's Office, of Elgin, for appellants.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Phyllis J. Perko and William L. Browers, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

In these cases consolidated for opinion, Rosemary McNeal and Willie McNeal were found guilty of retail theft in excess of $150 (Ill. Rev. Stat. 1981, ch. 38, par. 16A—3) after a joint bench trial. Rosemary McNeal was sentenced to three years in prison and Willie McNeal to the 28 days in the county jail he had already served and 24 months' probation.

## I

Both defendants raise the issue of the constitutionality of the statute under which each was convicted. They argue that the statute denies equal protection because the same type of offense where the property taken is less than $300 is punishable under the theft statute as a Class A misdemeanor (Ill. Rev. Stat. 1981, ch. 38, par. 16—1(e)(1)), while retail theft of property not in excess of $150 in value is a Class 3 felony (Ill. Rev. Stat. 1981, ch. 38, pars. 16A—3(a), 16A—10(3)).

■ Preliminarily, we reject the State's contention, based on *People v. Amerman* (1971), 50 Ill. 2d 196, 197, that the constitutional issue has been waived by failure to urge it in the trial court. Where, as here, a substantial question of constitutionality is raised, which if sustained, would make void the statute under which defendants were charged and convicted, we decline to apply the waiver rule. *People v. Wagner* (1982), 89 Ill. 2d 308, 311.

■ ■ Defendants' basic premise that the theft and retail theft statutes charge essentially the same crime but punish it differently is based on the claim that both include the elements: (1) knowingly, (2) exerted control over the property of another, (3) unlawfully and (4) with the intent of permanently depriving the other of the use and benefit of the property. However, theft and retail theft have been held to be different crimes. In *People v. Wynn* (1980), 84 Ill. App. 3d 591,

593, it was held that the theft focuses on ownership of the property taken as an element of the offense; while ownership is not an element found in the retail theft statute, since any possession of or carrying away of any merchandise displayed, held, stored or offered for sale, constitutes the offense. (Ill. Rev. Stat. 1981, ch. 38, par. 16A–3(a).) Defendant argues that proof of ownership under the theft statute is satisfied by proof that one other than the accused either owns or has a possessory interest in the property claimed to be stolen (see, *e.g., People v. Cowan* (1977), 49 Ill. App. 3d 367, 368; Ill. Rev. Stat. 1981, ch. 38, par. 15–2), and the same element can be inferred from the display of merchandise in a mercantile establishment. While it is true that the primary purpose of the ownership requirement in the theft statute is to enable the accused to prepare for trial and to plead a disposition of the case in bar of a subsequent prosecution, the fact remains that the legislature has chosen to remove this requirement from the provisions of the retail theft statute here in question.

■ Defendants also argue that the retail theft statute denies due process because under the legislative scheme an individual who steals $200 worth of property under the retail theft statute is guilty of a Class 3 felony while one who steals $200 but less than $300 under the theft statute is guilty of only a Class 3 misdemeanor. Parenthetically, they note that the legislature recognized the effect of inflation on values when, in 1982, it increased the $150 "ceiling" to $300 to constitute the theft a felony. Yet, they argue, the inflationary factor has been ignored in the retail theft statute which keeps the $150 distinction between a Class A misdemeanor and the Class 3 felony, although inflation should apply equally to the statutes. We do not agree that identical value differentials between the different types of theft must be maintained to accomplish a legitimate legislative purpose directed at retail thefts.

■ Defendants' due process argument is essentially the same as its argument that the statute denies constitutional equal protection. Prior to the change noted in the theft statute the retail theft statute was upheld against a constitutional equal protection attack in *People v. Fix* (1976), 44 Ill. App. 3d 607. In *Fix*, the court held that the purpose which the retail theft statute seeks to accomplish is particularly related to retail establishments where the customer and the property are intermingled or in close proximity, with a special potential for misconduct. (44 Ill. App. 3d 607, 610.) The valuation provision in the retail theft statute was upheld as against the claim that it was special legislation, in *People v. Mendoza* (1978), 62 Ill. App. 3d 774, 775, with *Fix* cited with approval. *Cf. People v. Jennings* (1976), 42 Ill. App. 3d

168, 171 (not arbitrary to distinguish between theft from a vehicle as a Class 2 offense and other thefts).

Historically, "shoplifting" has been singled out in many States as an offense which has not effectively been deterred within the confines of the traditional theft statutes, and special statutes directed at retail theft have been upheld. (See Annot., 90 A.L.R.2d 811 (1963). See also *Black v. Gladden* (1964), 237 Or. 631, 632-33, 393 P.2d 190, 191.) In *Black* the court held that there was a reasonable basis for regarding theft committed in a mercantile establishment as a separate social evil distinct from theft committed under other circumstances, that this was clearly a matter for legislative discretion, and did not deny the defendant equal protection. See also *State v. Fitzmaurice* (1974), 126 N.J. Super. 361, 364, 314 A.2d 606, 608.

We therefore reject defendants' constitutional arguments.

## II

Willie McNeal raises an additional issue, that he was not proved guilty beyond a reasonable doubt.

The evidence established that around 2 p.m. on October 27, 1982, about 36 cartons of cigarettes were taken from the Montgomery Ward Alternative Profit Center in Lombard. A clerk testified that a black man and woman arrived at the combination gas station and store in a silver-gray Vega. The clerk identified the codefendant Rosemary McNeal as having been the woman but was unable to positively identify the defendant as having been the man she saw. The clerk first noticed the unidentified man pumping gas into the Vega and noticed that Rosemary was seated in the car. The woman entered the store, put a gallon of windshield washer fluid on the counter and walked away from the counter; the man entered the store five or 10 minutes after the woman, asked if he had to pay for the gas before or after pumping it into the car and after receiving an answer walked away but returned twice to ask the clerk other questions. She later saw the man holding a carton of Winston cigarettes and asked if he knew that he had the box rather than the soft packs. He replied that he did not. He made no purchase. While she was talking to the man the clerk noticed that the woman from the Vega was crouching by a cabinet. Approximately five minutes later the clerk looked over toward the cigarette display and noticed the missing cartons. She looked out the window and saw the woman facing the rear of the Vega and getting in, with the man who asked about the cigarettes on the driver's side.

In court, the clerk identified Rosemary McNeal as being the woman she had observed, but when asked about the man stated, "I

am truly not sure. I have to see the teeth. That sound strange, but I do remember the teeth being discolored and the slight space between his teeth." It was stipulated that Willie McNeal and one or two other young men would be asked to stand up in court and smile for the witness. The defendant and one other man eventually did so. The clerk was asked to leave the witness stand and go to each of the males, but this defendant would not smile so that his teeth would show.

A police officer testified that approximately 20 minutes after receiving a call he pulled over a silver-gray Vega. He identified Willie McNeal as the driver and Rosemary McNeal as the passenger. He observed numerous cartons of cigarettes in a bag between the woman's legs and another bag in the back directly behind her seat. There was testimony that Rosemary McNeal admitted taking the cigarettes from the store and described her specially designed girdle.

Willie McNeal argues that the circumstances could give rise only to the presumption that Rosemary was in possession of the stolen cigarettes with no inference of joint possession. He argues that the circumstance that his arrival and departure from the gas station and store coincided with the commission of the theft was insufficient to exclude the hypothesis of innocence. See *People v. Trapps* (1974), 22 Ill. App. 3d 1029, 1032-33.

■■ ■ Ordinarily, possession is a question of fact. (*People v. Barber* (1974), 20 Ill. App. 3d 977, 981.) There was strong circumstantial evidence that Willie McNeal jointly possessed the cigarettes which were in the car he was driving. Assuming possession, it was not necessary for the State to provide direct proof that defendant knew the property was stolen. (See *People v. Johnson* (1978), 64 Ill. App. 3d 1018, 1021.) A defendant's recent joint possession of stolen property without a reasonable explanation gives rise to an inference of guilt in the absence of circumstances which would otherwise create a reasonable doubt. (*People v. Sherman* (1982), 110 Ill. App. 3d 854, 859.) While the store clerk did not positively identify the defendant at trial, the record contains sufficient circumstantial evidence that defendant was the same man and that he was driving the same car with the same passenger shortly after the offense.

■■ Moreover, the circumstances support guilt by accountability. The inference of possession of recently stolen property may be used in support of accountability. (*People v. Riley* (1981), 99 Ill. App. 3d 244, 249.) Together with the other facts which are noted there is sufficient evidence to support the defendant's guilt by accountability by his engagement in a common scheme to commit the retail theft. See *People v. Grice* (1980), 87 Ill. App. 3d 718, 726, *cert. denied* (1981),

450 U.S. 1003, 68 L. Ed. 2d 207, 101 S. Ct. 1714.

The judgments of conviction and sentence of Rosemary McNeal (No. 83—280), and of Willie McNeal (No. 83—390) entered in the circuit court of Du Page County are affirmed.

Affirmed.

UNVERZAGT and NASH, JJ., concur.