THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM F. TAYLOR, Defendant-Appellant.

Third District   No. 3—85—0722

Opinion filed September 4, 1986.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barr, State's Attorney, of Peoria (Gerald P. Ursini, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WOMBACHER delivered the opinion of the court:

The defendant, William Taylor, pleaded guilty to felony retail theft (Ill. Rev. Stat. 1985, ch. 38, par. 16A—3(a)). He appeals from the denial of his motion to vacate his guilty plea, arguing that he was denied equal protection and due process when he was convicted of a Class 3 felony. We affirm.

The defendant pleaded guilty in connection with the removal from a Peoria Montgomery Ward store of clothing valued at $250. He was sentenced to four years' imprisonment. His sole argument on appeal is that he was unconstitutionally denied equal protection and due process when he was convicted of a Class 3 felony for retail theft of merchandise valued at under $300, when the taking of the same property under the theft statute would constitute only a Class A misdemeanor. We disagree.

We observe that the specific arguments presented here are the same as those presented and rejected by the Second District in *People v. McNeal* (1983), 120 Ill. App. 3d 625, 458 N.E.2d 630. In the instant case, as in *McNeal*, the defendant has observed that a person convicted of ordinary theft of more than $150 but not more than $300 is guilty of a Class A misdemeanor while a person convicted of retail theft of more than $150 and up to $300 is guilty of a Class 3 felony. (Ill. Rev. Stat. 1985, ch. 38, pars. 16—1(e)(1), 16A—10(3).) The defendant also observes that in 1982, the felony-qualifying amount for ordinary theft was legislatively increased from $150 to $300. The defendant asserts that individuals charged under the ordinary theft or the retail theft statute are similarly situated; that the current statutory scheme is arbitrary and irrational; that the statutory scheme is not reasonably designed to remedy the evil at which it is directed; and that the legislature only inadvertently failed to correspondingly amend the retail theft statute when in 1982 it responded to inflation by increasing the felony-qualifying amount for ordinary theft.

We agree with the reasoning of the *McNeal* court that the retail-theft statute was constitutionally enacted to respond to the specific

nature of theft in retail establishments. (See *People v. Fix* (1976), 44 Ill. App. 3d 607, 358 N.E.2d 726.) We also agree with *McNeal* both that due process does not require identical felony-value levels in the different types of theft and that there is a reasonable basis for the felony-value levels in the instant statutory scheme.

Accordingly, we find that the defendant's prosecution under the instant statute denied him neither due process nor equal protection, and that the felony-level differences between retail theft and ordinary theft are products of the legislature's prerogative to respond to the specific nature of theft in retail establishments. (See *People v. McNeal* (1983), 120 Ill. App. 3d 625, 458 N.E.2d 630.) In so doing, we find no persuasive force in the fact that the legislature exercised its prerogative to establish $300 as the felony-qualifying amount for the distinct offense of library theft. Ill. Rev. Stat. 1985, ch. 38, par. 16B—5(c).

Based on the foregoing, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

STOUDER and HEIPLE, JJ., concur.