THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
NATHANIEL OWENS, Defendant-Appellant.

Third District   No. 3—86—0044

Opinion filed February 4, 1987.

1044

Daniel M. Kirwan and Michelle A. Zalisko, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

James T. Teros, State's Attorney, of Rock Island (Gary F. Gnidovec, of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE SCOTT delivered the opinion of the court:

Following a consolidated jury trial with his codefendant, Carloss Owens, being also his wife, the defendant, Nathaniel Owens, was convicted of retail theft (Ill. Rev. Stat. 1985, ch. 38, par. 16A—3(a)) and sentenced to a two-year term of imprisonment. The defendant appeals.

The State's evidence at trial established that on April 26, 1985, two employees of Target (the store), a retail mercantile establishment, observed the defendant drive a vehicle into the store parking lot. Codefendant Carloss exited the vehicle with Vivian Olden and Stephanie Lyles, who carried large, empty purses. All three women entered the store and gathered clothing and cosmetics from several of the store's departments. Codefendant Carloss looked around as Lyles and Olden stuffed items into one of the purses. Olden then delivered that purse to the defendant, who placed it in the trunk of his vehicle. Meanwhile, Lyles stuffed a second purse. Olden reentered the store with another purse. After all three women stuffed both purses, Lyles and Olden carried them to the defendant's vehicle. Codefendant Carloss stopped at the snack bar and then followed. No one paid for the merchandise. Its full retail value, based on both attached tickets and comparison with identical items in the store, was $284.37. The defendant drove to a nearby bank parking lot where he quickly placed two of the purses into his trunk. A short time later the police retrieved the three purses from the vehicle.

The defendant and codefendant Carloss admitted visiting the store with Lyles and Olden on the date of the offense. Their evidence further indicated the following. Lyles and Olden entered the store. The defendant and codefendant Carloss followed, bought nothing, and saw neither Olden nor Lyles in the store until codefendant Carloss saw Olden leaving. Codefendant Carloss purchased soda and then left. The defendant and Lyles had already gone to the vehicle. The defendant placed nothing in the trunk, but drove to a nearby bank to obtain

a student loan application. As the defendant exited his vehicle, Lyles and Olden discussed a trip to Sears and asked him to put their purses in the trunk. Codefendant Carloss popped open the trunk. The defendant placed the two purses therein and then went inside the bank. The defendant and codefendant Carloss did not know that the purses contained stolen items. Codefendant Carloss denied removing concealed merchandise from the store.

The defendant initially argues that the State failed to prove him accountable for felony retail theft beyond a reasonable doubt. The defendant asserts that the State proved neither the requisite merchandise value nor his intent to shoplift nor his knowledge of the crime.

■■■ To determine whether the State established guilt by accountability, this court must view the evidence most favorably to the prosecution and determine whether before or during the commission of the offense and with concurrent, specific intent to promote or facilitate the offense, the defendant solicited, aided, abetted, agreed, or attempted to aid another in planning or committing the offense. (*People v. Christiansen* (1986), 142 Ill. App. 3d 1050, 492 N.E.2d 241.) One may aid and abet without agreeing or actively participating in the overt criminal act (*People v. Grice* (1980), 87 Ill. App. 3d 718, 410 N.E.2d 209), as common criminal design may be inferred from either the defendant's close affiliation with the offenders, his lacking opposition to their activities, or his conduct subsequent to the offense (87 Ill. App. 3d 718, 410 N.E.2d 209). Accountability may also be based on possession inferred from driving a vehicle containing stolen property (*People v. McNeal* (1983), 120 Ill. App. 3d 625, 458 N.E.2d 630), as recent, unexplained joint possession of stolen property supports an inference of guilt and eliminates the need for direct proof that the defendant knew that the property was stolen (120 Ill. App. 3d 625, 458 N.E.2d 630). The jury may infer a defendant's intent from the presumption that arises from his codefendants' removing merchandise beyond an establishment's last known payment station (*People v. Willard* (1980), 92 Ill. App. 3d 74, 414 N.E.2d 504) without paying its fair market value at the time and place of the theft (*People v. Brown* (1976), 36 Ill. App. 3d 416, 343 N.E.2d 700).

■■ The defendant drove to the store and waited in his car while his wife functioned as a lookout and Lyles and Olden stuffed merchandise into two large bags. No one paid for the merchandise valued in excess of $150 which the defendant stashed in his trunk, with items from other stores, before he drove the women from the scene. The jury disbelieved the defendant's explanation and concluded that rather

than an innocent bystander, he was the women's partner in a shoplifting scheme. We find that the defendant's conduct subsequent to the offense was consistent not only with the jury's conclusions but also with participation in and knowledge of the offense. We thus find no reasonable doubt of the defendant's guilt.

■■ The defendant next argues that the court erroneously instructed the jury on the retail-theft presumption. The defendant suggests that that instruction impermissibly required the jury to infer intent from concealment and unconstitutionally shifted the burden of proof to him. The defendant concedes that he neither objected to the instruction in the trial court nor incorporated it into the record on appeal. He requests, however, that we review the issue as plain error and take judicial notice of the instructions in *People v. Owens* (1986), 147 Ill. App. 3d ____ (Rule 23 order).

We find that the defendant has waived consideration of the issue and that review as plain error is unjustified. The record indicates that the defendant neither objected to the instruction at trial nor completed the appeal record with instructions offered and given. The incomplete record reveals neither grave error which begs to be corrected nor facts so close that proper instructions to achieve fundamental fairness are required. (*People v. White* (1984), 129 Ill. App. 3d 308, 472 N.E.2d 553; *People v. Mack* (1982), 107 Ill. App. 3d 164, 437 N.E.2d 396.) In finding waiver we acknowledge but decline to follow the Fourth District determination in *People v. Wilson* (1986), 141 Ill. App. 3d 388, 490 N.E.2d 177, that an instruction similar to the one at issue created an unconstitutional rebuttable mandatory presumption rather than only a permissive presumption which did not shift the burden of proof from the State to the defendant. See *People v. Collings* (1981), 95 Ill. App. 3d 325, 420 N.E.2d 203.

■■ We next address the defendant's constitutional argument that the statutory scheme for retail theft is arbitrary and irrational. In his opinion, the evils of retail theft are inappropriately remedied because the scheme fails to parallel the theft statute and disparately treats similarly situated defendants. Based on this court's dispositive opinion in *People v. Taylor* (1986), 147 Ill. App. 3d 129, 497 N.E.2d 861, we find that the constitutional retail-theft statute was enacted to uniquely and reasonably deal with retail theft, as due process does not require identical felony-value levels for different types of theft.

As to his sentencing, the defendant argues first that he was unconstitutionally denied effective assistance of counsel because his attorney dually represented him and codefendant Carloss. Secondly, he argues that the court erroneously imposed his grossly disparate sentence.

The evidence at sentencing indicated that charges related to the tagged merchandise discovered in the defendant's trunk were still pending; that codefendant Carloss was employed, whereas the defendant was pursuing his education; and that both the defendant and codefendant Carloss cared for their two children. The court acknowledged the probationary sentences imposed upon Lyles and Olden; found reasonable doubt that the defendant had unlawfully attempted to cash a duplicate student loan check; and determined that on the date of the instant offense, the defendant, codefendant Carloss, Lyles, and Olden fulfilled their planned scheme to raid retail establishments.

In support of his plea for probation for codefendant Carloss, the defendant's counsel argued that Carloss was a working mother with a prior misdemeanor-theft conviction who, despite her criminal role as lookout, was likely to comply with court imposed behavioral incentives. Counsel further argued that probation rather than penitentiary incarceration was appropriate for the defendant who, since his honorable discharge from the Army, had only three traffic convictions.

After noting the defendant's record, his and codefendant Carloss' family and participation in the offense, and codefendant Carloss' work schedule, the court sentenced the defendant to a two-year term of imprisonment and codefendant Carloss to 30 months of probation conditioned on 14 weekends in jail. Counsel unsuccessfully renewed his original sentencing arguments when he subsequently petitioned the court to equalize the defendant's sentence.

 To sustain his claim of ineffective representation, the defendant must objectively prove that his counsel's representation was unreasonable and deprived him of a fair trial. (*People v. Albanese* (1984), 104 Ill. 2d 504, 473 N.E.2d 1246.) Joint representation of two unequally culpable defendants whose strategies might have helped one at the other's expense are not actual *per se* violative conflicts of interest. *People v. Vriner* (1978), 74 Ill. 2d 329, 385 N.E.2d 671; *People v. Canales* (1980), 86 Ill. App. 3d 738, 408 N.E.2d 299.

 We find that the court was apprised of but the defendant's counsel strategically chose to emphasize neither codefendant Carloss' mental problems nor the defendant's ability to provide child care. We further find that counsel vigorously petitioned for leniency for both the defendant and codefendant Carloss despite their dissimilar backgrounds and criminal roles. Counsel labored under no actual conflict equivalent to ineffective representation. See *People v. Howard* (1981), 94 Ill. App. 3d 797, 419 N.E.2d 702.

 Finally, as to the propriety of the defendant's sentence, we acknowledge that fundamental fairness requires that similarly situ-

ated defendants not receive grossly disparate sentences. (*People v. Tate* (1984), 122 Ill. App. 3d 660, 462 N.E.2d 662.) However, disparate sentences may be justified by the nature and extent of each defendant's participation, criminal history, or character. *People v. Martin* (1980), 81 Ill. App. 3d 238, 401 N.E.2d 13.

■■■ The court distinguished both the defendant's criminal participation and his criminal history from those of codefendant Carloss. Because of the children, the court sympathized with codefendant Carloss and only incarcerated her for weekends in the county jail. Under these circumstances, we decline to find unjustified gross disparity in their different sentences.

Accordingly, the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

HEIPLE and BARRY, JJ., concur.