THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. SHARON O'MAHONEY, Defendant-Appellee.

Fifth District    No. 5—87—0298

Opinion filed May 5, 1988.

Charles Garnati, State's Attorney, of Marion (Kenneth R. Boyle, Stephen E. Norris, and Kim G. Noffke, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Brian D. Lewis, of Mitchell & Armstrong, Ltd., of Marion, for appellee.

JUSTICE CALVO delivered the opinion of the court:

On September 9, 1986, defendant-appellee, Sharon O'Mahoney, was charged by information with the offense of unlawful *possession* of more than 500 grams of a *substance* containing cannabis, in violation of section 4(e) of the Cannabis Control Act (Ill. Rev. Stat. 1985, ch. 56½, par. 704(e)). Possession under subsection (e) is a Class 3 felony. On November 6, 1986, an additional count was added charging defendant with unlawful *production* of three *Cannabis sativa plants* in violation of section 8 (Ill. Rev. Stat. 1985, ch. 56½, par. 708). At the time defendant was charged, production was a Class A misdemeanor no matter how many plants were involved.

Effective January 1, 1987, section 8 was amended, changing the language of the statute, which had formerly outlawed only the *production* of the *Cannabis sativa* plants, by making it unlawful to *produce* or *possess* such *plants*, unless authorized pursuant to the Cannabis Control Act (Ill. Rev. Stat. 1985, ch. 56½, par. 701 *et seq.*). Prior to January 1, 1987, possession of *Cannabis sativa* plants was covered exclusively by section 4, as possession of a *substance* containing cannabis. The amendment to section 8 provided that production and/or possession of five plants or less was punishable as a Class A misdemeanor. Possession of more than five plants was punishable as a Class 4, 3 or 2 felony, depending upon the number of plants possessed.

On March 9, 1987, defendant filed a "Motion for Advisement and Election" arguing that the amendment of section 8 effectively mitigated the punishment for the criminal conduct of which she was accused and entitled her to the right to elect whether to be sentenced

for a misdemeanor charge under section 8(a), or a felony charge under section 4(e), in the event she was found guilty of both. On March 20, 1987, the State's motion to dismiss the production charge (section 8) was granted over defendant's objection. On March 23, 1987, the trial judge granted defendant's motion for advisement and election, ruling that should defendant be convicted of unlawful possession of cannabis, and should the evidence show that the cannabis defendant possessed, in excess of 500 grams, consisted of three cannabis plants, then defendant would be allowed to elect whether to be punished as a felon or a misdemeanant. On April 22, 1987, the State filed a notice of appeal and certificate of impairment. On August 12, 1987, defendant filed a motion to dismiss the instant appeal arguing that the appellate court lacked jurisdiction. On September 15, 1987, this court denied defendant's motion to dismiss the appeal.

On appeal the State contends that the trial court erred in ruling that upon conviction, the defendant may elect to be sentenced for a misdemeanor rather than for the felony charge. Defendant argues that the legislature, by amending section 8 and setting out a specific schedule of punishment for possession or production of a various number of *Cannabis sativa* plants, took an old general purpose statute, dealing with the production of cannabis plants, and established a new and more specific offense dealing with possession or production of *Cannabis sativa* plants. Noting that the *substance* containing cannabis of which she is charged with possessing is three *Cannabis sativa* plants, defendant argues that her alleged criminal conduct now falls under section 8 (possession of cannabis *plants*) as opposed to section 4 (possession of a *substance* containing cannabis). Defendant argues that under the new statutory scheme of section 8, the number of plants is not an element of the charge specifically, but rather determines only whether the possession is to be punished as a felony or misdemeanor. Accordingly, defendant concludes that section 8, as amended effective January 1, 1987, effectively mitigates and reduces the punishment for the criminal behavior with which she is charged.

Defendant refers to section 4 of "An Act to revise the law in relation to the construction of the statutes" (Ill. Rev. Stat. 1985, ch. 1, par. 1103), which she argues requires that she be given the option of sentencing according to the amendment to section 8. That statute states that while no new law shall be construed to repeal a former law, if any penalty or forfeiture be mitigated by any provision of a new law, such provision may, by the consent of the party affected (*i.e.*, defendant in the instant case), be applied to any judgment pronounced after the new law takes effect. (Ill. Rev. Stat. 1985, ch. 1,

par. 1103.) Contending that section 8 mitigates the punishment for possession of three *Cannabis sativa* plants, defendant argues that she has the right to elect to be punished according to the new provision under which she claims to be guilty only of a Class A misdemeanor rather than a Class 3 felony. Defendant notes that in the instant case she has not yet been tried or convicted, and accordingly, any judgment pronounced will be after January 1, 1987, the date the new law takes effect.

Defendant cites *People v. Jackson* (1984), 99 Ill. 2d 476, 459 N.E.2d 1362, in support of her position. In *Jackson*, the defendant was charged with theft in excess of $150. At the time defendant was charged, theft in excess of $150 was punishable as a felony. Prior to being tried for theft in excess of $150, the legislature amended section 16 of the Criminal Code of 1961, changing the demarcation line between felony and misdemeanor theft from $150 to $300 (Ill. Rev. Stat. 1981, ch. 38, par. 16—1(e)). Defendant moved to have the indictment changed and to be admonished as to sentencing alternatives under the statute as amended. This was denied, defendant was convicted of theft, and subsequently sentenced as a felon. On appeal, the defendant contended that the change in section 16—1 applied only to sentencing and provided for a mitigation of punishment for the criminal conduct with which she was accused. The State argued that the change affected a substantive provision. According to the State, the value of the property taken was an element of the crime, and thus the effect of retroactive application would be to repeal the prior law, a result which was expressly forbidden by section 4 (Ill. Rev. Stat. 1981, ch. 1, par. 1103). The supreme court agreed with the defendant and found that the appellate court erred in holding that value was an essential element of the offense of theft. The court stated that the value of the property taken determined only whether the theft would be punished as a felony or as a misdemeanor and had nothing to do with the decision whether a theft had occurred. *Jackson*, 99 Ill. 2d at 479, 459 N.E.2d at 1363.

By analogy, defendant in the instant case argues that what the legislature has done is to change the punishment for the criminal conduct of which she is accused. Defendant argues that the only possession statute in effect at the time she was charged (section 4), determined the punishment by the weight of the *substance* containing the cannabis in defendant's possession. There was no statute in Illinois specifically proscribing and punishing the possession of *Cannabis sativa plants*. (Section 8 referred only to the *production* of plants.) Arguing further, defendant states that under the amended section 8,

it is the number of plants that determines the punishment and that for whatever reasons, the legislature has determined and established that possession of five plants or less is punishable as a misdemeanor. Accordingly, defendant concludes that although the State had the right to charge her as a felon on September 9, 1986, the amendment to section 8 mitigated the punishment for the criminal conduct for which she stands accused, and accordingly, she now has a right to choose to be sentenced (if convicted) under the new statutory scheme.

■ We find defendant's reliance on *People v. Jackson* (1984), 99 Ill. 2d 476, 459 N.E.2d 1362, to be misplaced. In *Jackson*, the statute under which the defendant was charged was amended with respect to sentencing. This situation is not presented in the case at bar. The statute under which the defendant was charged in the instant case (section 4) was not changed by the amendments to the Cannabis Control Act (Ill. Rev. Stat., 1986 Supp., ch. 56½, par. 701 *et seq.*) which were effective January 1, 1987. The trial judge in the instant case ruled that defendant had the right to elect to be sentenced under section 8(a) (Ill. Rev. Stat., 1986 Supp., ch. 56½, par. 708(a)), rather than section 4(e) (Ill. Rev. Stat. 1985, ch. 56½, par. 704(e)). At the time the trial judge ruled on defendant's motion, no charge under section 8 was pending against the defendant; however, defendant did have a charge pending against her alleging that she knowingly possessed more than 500 grams of a substance containing cannabis. The trial judge had granted the State's motion to dismiss the section 8 charge three days prior to his ruling on defendant's motion for advisement. We note that a defendant can be prosecuted under both section 4 and section 8, and can be convicted and sentenced for whichever offense is greater under the circumstances of the case. (See *People v. Elam* (1976), 39 Ill. App. 3d 705, 709, 350 N.E.2d 832, 835-36.) The legislature may adopt different punishing alternatives for different offenses. (*People v. Rhoades* (1979), 74 Ill. App. 3d 247, 255, 392 N.E.2d 923, 929.) The offenses proscribed by sections 4 and 8 are different offenses. Section 8 makes it a criminal offense to knowingly produce or possess *Cannabis sativa plants*. Section 4, which is more inclusive, prohibits possession of *any substance* containing cannabis. Defendant in the instant case could have been prosecuted under both provisions and, if found guilty, sentenced for whichever was the greater offense under the facts adduced at trial. No judgment would have been entered on the lesser offense. (*People v. Elam* (1976), 39 Ill. App. 3d 705, 709, 350 N.E.2d 832, 835-36.) Where a one-act, one-crime situation arises as in the instant case, it is the greater offense on which a defendant is sentenced, not the lesser. See *People v. King* (1977), 66

Ill. 2d 551, 363 N.E.2d 838.

█▌█ Where the prosecutor in his discretion has determined to drop the lesser charge and go to trial on the greater offense, the trial court may not defeat that choice by allowing defendant to elect to be sentenced for a lesser, uncharged offense. The State's Attorney enjoys a wide discretion in both the initiation and the management of criminal litigation and that discretion includes the decision whether to initiate any prosecution at all, as well as to choose which of several charges shall be brought. (*People ex rel. Carey v. Cousins* (1979), 77 Ill. 2d 531, 397 N.E.2d 809.) A defendant's conduct can be prosecuted under either, or both, of two statutes, requiring substantially similar proof, but affording considerably different sentencing alternatives. (*People v. Brooks* (1976), 65 Ill. 2d 343, 357 N.E.2d 1169.) In the instant case, the State's Attorney chose to prosecute defendant only for a violation of section 4. It is perfectly proper for the State to proceed only on the felony charge against this defendant. Although the trial judge's ruling at first glance appears to relate only to sentencing, the substantive effect of the ruling is to dismiss the felony possession charge inasmuch as the State is now precluded from prosecuting the section 4 felony possession count to final judgment and obtaining a conviction on that charge. The trial judge's granting the defendant an election was tantamount to a dismissal of the felony prosecution, and an unauthorized substitution of a misdemeanor charge, which substitution infringed on the State's Attorney's exclusive discretion to decide which offense to charge. We accordingly find that the trial court erred in ruling that, upon conviction, the defendant could elect to be sentenced for a misdemeanor rather than for the felony charged.

For the reasons stated above, the order of the circuit court of March 23, 1987, granting defendant's motion for advisement and election is reversed and this cause is remanded for further proceedings.

Reversed and remanded.

LEWIS and KARNS, JJ., concur.