THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LISA K. TACKETT, Defendant-Appellant.

Third District   No. 3—91—0930

Opinion filed January 5, 1993.

Thomas A. Karalis, of State Appellate Defender's Office, of Ottawa, for appellant.

William Herzog, State's Attorney, of Kankakee (John X. Breslin and Lawrence Michael Kaschak, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE McCUSKEY delivered the opinion of the court:

Following a bench trial, the defendant, Lisa K. Tackett, was found guilty of unlawful possession of more than 30 but less than 500 grams of a substance containing cannabis (Ill. Rev. Stat. 1991, ch. 56½, par. 704(d)). She was sentenced to one year of conditional discharge. Tackett appeals and we affirm.

The only facts necessary for purposes of this opinion are as follows. Tackett's conviction was based on a police officer's discovery of four marijuana plants in her car. An analysis of the plants by a forensic scientist revealed that the plants consisted of 99.5 grams of cannabis plant material.

On appeal, Tackett contends she was denied due process and equal protection of the laws because the prosecutor charged her with possession of more than 30 but less than 500 grams of a substance containing cannabis, rather than possession of less than five Cannabis sativa plants in violation of section 8(a) of the Cannabis Control Act (Act) (Ill. Rev. Stat. 1991, ch. 56½, par. 708(a)). Tackett argues that by charging her as he did, the prosecutor improperly rendered her ineligible to be sentenced to first-offender probation under section 10 of the Act. Tackett notes that such probation is available to all offenders convicted of possessing Cannabis sativa plants.

When an act violates more than one criminal statute, the State may prosecute under either statute, as long as it does not discriminate against any class of defendants. The prosecutorial decisions involving whether to prosecute or not and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion. Just as a defendant has *no* constitutional right to elect which of two applicable statutes shall be the basis of his indict-

ment and prosecution, *neither* is the defendant entitled to choose the penalty scheme under which he will be sentenced. *United States v. Batchelder* (1979), 442 U.S. 114, 60 L. Ed. 2d 755, 99 S. Ct. 2198; see also *People v. Capsel* (1986), 144 Ill. App. 3d 1057, 496 N.E.2d 10 (wherein this court held that it is not a violation of the separation of powers doctrine for a prosecutor to charge a defendant with a Class 3 felony of unlawful use or possession of weapons by a felon, rather than the Class A misdemeanor of unlawful possession of firearm ammunition); *People v. Taylor* (1986), 147 Ill. App. 3d 129, 497 N.E.2d 861.

In *People v. O'Mahoney* (1988), 169 Ill. App. 3d 194, 523 N.E.2d 635, the Fifth District Appellate Court noted that the offenses proscribed by sections 4 and 8 of the Act are different offenses. Section 8 pertains to the production or possession of sativa plants, and section 4, which is more inclusive, pertains to any substance containing cannabis. The court reasoned that a defendant could be prosecuted under both sections since they are different offenses. The court determined that a defendant could be convicted and sentenced for whichever offense was greater under the circumstances of the case. The court in *O'Mahoney* held that where a prosecutor has exercised his discretion and proceeded only on the greater offense, the trial court may not defeat that choice by allowing a defendant to elect to be sentenced for the lesser, uncharged offense. We find the reasoning of *O'Mahoney* applicable to the instant appeal.

■ Based upon the above-cited case law, we conclude that the prosecutor properly exercised his discretion in choosing to prosecute Tackett under section 4(d) of the Act. The fact that the legislature has provided two different sentencing schemes for the two offenses does not entitle Tackett to elect the scheme under which she shall be sentenced. We also find no basis for requiring that she be eligible for the same minimum sentence under each sentencing scheme. If Tackett is dissatisfied with the statutory sentencing schemes, in the words of the trial judge, she should "talk to the legislature."

Accordingly, the judgment of the circuit court of Kankakee County is affirmed.

Affirmed.

SLATER and STOUDER, JJ., concur.