THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DARRIOUS MARTIN, Defendant-Appellant.

First District (1st Division)    No. 79-1523

Opinion filed June 30, 1980.

James J. Doherty, Public Defender, of Chicago (Mary T. Woodward and John E. Horn, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Joel A. Eisen-Stein, and Michael M. Lorge, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McCLOON delivered the opinion of the court:

After a jury trial, defendant Darrious Martin was convicted of retail theft in violation of section 16A—3(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 16A—3(a)). Defendant was sentenced to one year probation, the first 90 days to be served in the Cook County House of Corrections. Defendant appeals.

On appeal, defendant argues that the trial court committed reversible error by instructing the jury that they "shall presume" the presence of the requisite intent after being convinced of certain facts enumerated in section 16A—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 16A—4). Defendant argues that by merely reciting section 16A—4 verbatim, the trial judge may have given the jury the erroneous impression that the presumption of intent was irrebuttable.

We reverse and remand.

Ursula Siefert, a security guard for the River Oaks shopping center branch of Sears Roebuck & Co., testified that on April 23, 1979, she observed defendant in the hardware department of the store. She

observed him pick up a handful of wrench sets that were on display. Defendant then walked over to the sporting goods department, glanced around the store, and put the wrenches inside his coat. He returned to the wrench display and repeated the act. Never losing sight of defendant, the witness then observed him walk past 18 cash registers as he proceeded toward the double exit doors. The witness waited for defendant in the vestibule as he proceeded through the first set of exit doors. When she showed him her badge, he attempted to flee. He then turned and ran back into the store where he was apprehended by two salesmen. Ten wrench sets were later found inside his coat.

Defendant was charged with retail theft (Ill. Rev. Stat. 1977, ch. 38, par. 16A—3(a)). At the close of the State's case, defendant moved for a directed verdict on the grounds that the element of intent had not been proved. Relying on section 16A—4 (Ill. Rev. Stat. 1977, ch. 38, par. 16A—4), the trial judge ruled that intent was presumed when defendant walked past the last cash register on his way toward the exit doors. Defendant's motion for a directed verdict was denied.

Testifying on his own behalf, defendant stated that he went to Sears to buy wrenches for use in his work as a mechanic. He stated that he was going to put the wrenches on layaway since he did not have enough money to purchase them. He denied attempting to leave the store and stated that he was apprehended, not in the vestibule, but two aisles away with the wrenches and $65 in hand.

At the close of the evidence, the State submitted a jury instruction based on section 16A—4, which stated:

"If. you find that the defendant has concealed upon his person or among his belongings merchandise displayed, held, stored, or offered for sale in a retail mercantile establishment and he knowingly removed that merchandise beyond the last known station for receiving payments for that merchandise, in that retail mercantile establishment, such person *shall be presumed* to have possessed, carried away or transferred such merchandise with the intention of depriving the merchant, permanently, of the possession, use or benefit of such merchandise without paying the full retail value of such merchandise." (Emphasis added.)

In chambers, defendant objected to the instruction arguing that it unconstitutionally shifted the burden of proof on the issue of intent to defendant. Defendant suggested substituting the word "may" for "shall," thus indicating to the jury that the presumption could be rebutted.

The trial judge denied defendant's instruction, stating that the presumption of intent was irrebuttable, once the jury was convinced of the two facts triggering the presumption. He further stated that the

presumption alone sustained the State's burden of proof on the issue of intent.

The jury subsequently returned a verdict of guilty. Defendant filed motions for arrest of judgment, and a new trial, again arguing that the jury instruction unconstitutionally shifted the burden of proof on the issue of intent to defendant. The motions were denied. Defendant was sentenced to one year misdemeanor probation, the first 90 days to be served in the Cook County House of Corrections. Defendant appeals.

On appeal, defendant argues that the jury instruction on the issue of intent was confusing and could have created in the minds of the jury the erroneous impression that the presumption of intent was irrebuttable.

We agree. In *Sandstrom v. Montana* (1979), 442 U.S. 510, 61 L. Ed. 2d 39, 99 S. Ct. 2450, petitioner was charged with "deliberate homicide," in that he "purposely or knowingly" caused the victim's death. Petitioner argued that although he killed the victim, he did not do so "purposely or knowingly" and therefore was not guilty. Over petitioner's objections, the trial court instructed the jury that "the law presumes that a person intends the ordinary consequences of his voluntary acts." The Supreme Court held the instruction unconstitutional because the jury may have interpreted the presumption as conclusive, like the presumptions in *Morissette v. United States* (1952), 342 U.S. 246, 96 L. Ed. 288, 72 S. Ct. 240, and *United States v. United States Gypsum Co.* (1978), 438 U.S. 422, 57 L. Ed. 2d 854, 98 S. Ct. 2864, or as shifting the burden of persuasion as in *Mullaney v. Wilbur* (1975), 421 U.S. 684, 44 L. Ed. 2d 508, 95 S. Ct. 1881. The court further stated:

> "We do not reject the possibility that some jurors may have interpreted the challenged instruction as permissive, or, if mandatory, as requiring only that the defendant come forward with 'some' evidence in rebuttal. However, the fact that a reasonable juror could have given the presumption conclusive or persuasion-shifting effect means that we cannot discount the possibility that Sandstrom's jurors actually did proceed upon one or the other of these latter interpretations." (442 U.S. 510, 519, 61 L. Ed. 2d 39, 48, 99 S. Ct. 2450, 2457.)

Likewise, the instruction given to the jury in the present case (a verbatim reading of section 16A—4) suffered from similar infirmities. Upon finding that defendant concealed the wrenches upon his person and removed them beyond the last payment station, the jurors could reasonably have concluded that they were directed to find against defendant on the element of intent. Certainly the words "shall presume" in the instruction could have caused the jurors to believe that the presumption of intent was conclusive. This possibility seems quite likely since the comments of the

trial judge indicated that even he believed the presumption irrebuttable and conclusive. In such a case the State would not be forced to prove "beyond a reasonable doubt * * * every fact necessary to constitute the crime * * * charged," and defendant would be deprived of his constitutional rights. *In re Winship* (1970), 397 U.S. 358, 364, 25 L. Ed. 2d 368, 375, 90 S. Ct. 1068, 1073.

A presumption which, although not conclusive, had the effect of shifting the burden of persuasion on the issue of intent to defendant would have been equally objectionable. If the jury interpreted the presumption in that manner, it could have concluded that upon proof by the prosecution of concealment and removal of the wrenches past the last known payment station, the burden was shifted to defendant to prove that he lacked the requisite intent. Such a presumption was found constitutionally deficient in *Mullaney v. Wilbur* (1975), 421 U.S. 684, 44 L. Ed. 2d 508, 95 S. Ct. 1881. In *Mullaney*, the defendant was charged with murder, which under Maine law required proof not only of intent, but also malice. The trial court instructed the jury that "malice aforethought is an essential and indispensable element of the crime of murder." The trial court also instructed, however, that if the prosecution established that the homicide was both intentional and unlawful, malice aforethought was to be implied unless the defendant proved by a fair preponderance of the evidence that he acted in the heat of passion on sudden provocation. The Supreme Court found this instruction unconstitutional because it cast upon the defendant the burden of proving by a preponderance of the evidence that he acted in the heat of passion on sudden provocation.

Consequently, because the jury in this case may have interpreted the trial judge's instruction as constituting either a conclusive presumption like those in *Morissette* and *United States Gypsum*, or a burden-shifting presumption like that in *Mullaney*, and because either interpretation would have violated due process of law, we find the instruction given unconstitutional; however, we are not passing on the constitutionality of section 16A—4 *per se* as it has not been raised on appeal.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the cause remanded for a new trial.

Judgment reversed; cause remanded.

O'CONNOR and CAMPBELL, JJ., concur.