THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BETTY ANN KILLINGS, Defendant-Appellant.

Fourth District   No. 17274

Opinion filed February 25, 1982.—Rehearing denied March 15, 1982.

Daniel D. Yuhas and James G. Woodward, both of State Appellate Defender's Office, of Springfield, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Robert J. Biderman and James K. Horstman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

Following a jury trial on April 29, 1981, in the circuit court of Macon County, defendant, Betty Ann Killings, was convicted of the offense of retail theft. She previously had been convicted of theft so her conviction in this matter constituted a felony. She was sentenced to a 2-year term of imprisonment. Defendant appeals her conviction. We affirm.

Section 16A—3 of the Criminal Code of 1961 defines the offense of retail theft as follows:

"Offense of retail theft. A person commits the offense of retail theft when he or she knowingly:

(a) Takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale in a retail mercantile establishment with the intention of retaining such merchandise or with the intention of depriving the merchant permanently of the possession, use or benefit of such merchandise without paying the full retail value of such merchandise." Ill. Rev. Stat. 1979, ch. 38, par. 16A—3.

On appeal, defendant claims the trial court erred in giving, over her objection, the following instruction:

"If you find that the defendant concealed upon her person or among her belongings unpurchased merchandise offered for sale in a retail mercantile establishment and removed that merchandise beyond the last known station for receiving payments for that merchandise, you may presume that the defendant possessed or carried away the merchandise with the intention of depriving the merchant permanently of the possession, use, or benefit of the

merchandise without paying the full retail value of the merchandise."

We consider defendant's claim in light of the very strong evidence of her guilt. Mathew Doris, a part-time security guard at the Eisner's Food Store where defendant was arrested, testified that on December 19, 1980, he observed defendant remove a bottle of nail polish remover from a shelf in the store and after looking around, place it into a brown paper bag in a shopping cart. He stated she closed the bag up, walked to the end of the aisle, picked up all of the items that were in the bottom of the cart, and concealed them inside the paper bag. Doris further testified that he observed defendant pick up and close the paper bag and attempt to exit the store without going to any of the checkout lanes. Doris stated he stopped defendant when she was standing directly in front of the open exit door of the store.

Defendant testified that she had gone into the store for the purpose of taking some items, but when she arrived at the door to leave the store, she changed her mind because she was pregnant. She stated she was going to leave the bag in a shopping cart and had turned away from the door to do so, when she was stopped.

Defendant maintains that the only possible basis for the disputed instruction was section 16A—4 of the Criminal Code of 1961, which states:
"Presumptions. If any person:
(a) conceals upon his or her person or among his or her belongings, unpurchased merchandise displayed, held, stored or offered for sale in a retail mercantile establishment; and
(b) removes that merchandise beyond the last known station for receiving payments for. that merchandise in that retail mercantile establishment such person shall be presumed to have possessed, carried away or transferred such merchandise with the intention of retaining it or with the intention of depriving the merchant permanently of the possession, use or benefit of such merchandise without paying the full retail value of such merchandise." Ill. Rev. Stat. 1979, ch. 38, par. 16A—4.

Defendant asserts the foregoing section was not intended to create a presumption to be used by the trier of fact because: (1) the conclusive nature in which the presumption was stated would have made it invalid; and (2) the legislature deleted from the proposed bill relating to the offense of retail theft, a reference to a jury instruction on the presumption. Defendant maintains that rather than creating a presumption to be considered by the trier of fact, section 16A—4 was intended merely to create a presumption that would aid the State in establishing a sufficient case to be submitted to the trier of fact.

Citing the civil cases of *Diederich v. Walters* (1976), 65 Ill. 2d 95, 357

N.E.2d 1128, and *McElroy v. Force* (1967), 38 Ill. 2d 528, 232 N.E.2d 708, defendant also argues that in this State, all evidentiary presumptions are deemed to be of the "bursting bubble" nature and become inoperative when evidence contrary to the fact to be presumed is presented. The fact to be presumed here was defendant's mental state. She claims she introduced evidence contrary to the presumption when she testified she had decided to return the items in the bag before she was stopped.

Significantly, the instruction in question stated to the jury "you *may* presume" (emphasis added) while section 16A—4 uses the phrase "*shall be* presumed" (emphasis added). The State does not dispute that the instruction would have been a violation of defendant's due process rights had it been phrased in the mandatory terms of section 16A—4 defining an irrebuttable presumption. (See *Sandstrom v. Montana* (1979), 442 U.S. 510, 61 L. Ed. 2d 39, 99 S. Ct. 2450; *County Court v. Allen* (1979), 442 U.S. 140, 60 L. Ed. 2d 777, 99 S. Ct. 2213; *People v. Housby* (1981), 84 Ill. 2d 415, 420 N.E.2d 151.) The State does not rely upon section 16A—4 as authority for the instruction, but rather contends that the instruction was permissible under *Housby*, as setting forth a logical permissible inference. Accordingly, we need not determine what the legislature intended in enacting section 16A—4.

In *Sandstrom*, the court held that a jury instruction in a criminal case involving the issue of intent, which stated that the law presumed a person intends the ordinary consequences of his voluntary acts, was violative of due process. The court there stated that a reasonable juror could have found the instruction to be mandatory, because the jury was not told that they had a choice or that they might infer the conclusion. The court stated that if the presumption was conclusive, the State would not be forced to prove beyond a reasonable doubt every element of the crime, as is constitutionally required. Even if the jury interpreted the instruction as a burden shifting presumption, it would be impermissible, as a State may not shift the burden of proof to a defendant by means of such a presumption. The court held the instruction given in the case to be violative of due process.

■■ In *County Court*, the Supreme Court considered a New York statute which provided that with certain exceptions, the presence of a firearm in an automobile is presumptive evidence of its illegal possession by all persons then occupying the vehicle. The jury in the case was instructed on the presumption. The defendants claimed that it was violative of their constitutional rights for the State to rely on the presumption. In upholding the convictions, the court stated that inferences and presumptions are a staple of our adversary system of fact finding. In criminal cases, the ultimate test of any device's constitutional validity in a given case remains that the device must not undermine the factfinder's responsibility at trial,

based on evidence adduced by the State, to find the ultimate facts beyond a reasonable doubt. The court stated:

"The most common evidentiary device is the entirely permissive inference or presumption, which allows—but does not require—the trier of fact to infer the elemental fact from proof by the prosecutor of the basic one and that places no burden of any kind on the defendant. [Citation.] In that situation the basic fact may constitute prima facie evidence of the elemental fact. [Citation.] When reviewing this type of device, the Court has required the party challenging it to demonstrate its invalidity as applied to him. [Citations.] Because this permissive presumption leaves the trier of fact free to credit or reject the inference and does not shift the burden of proof, it affects the application of the 'beyond a reasonable doubt' standard only if, under the facts of the case, there is no rational way the trier could make the connection permitted by the inference. For only in that situation is there any risk that an explanation of the permissible inference to a jury, or its use by a jury, has caused the presumptively rational factfinder to make an erroneous factual determination.

A mandatory presumption is a far more troublesome evidentiary device. For it may affect not only the strength of the 'no reasonable doubt' burden but also the placement of that burden; it tells the trier that he or they must find the elemental fact upon proof of the basic fact, at least unless the defendant has come forward with some evidence to rebut the presumed connection between the two facts. [Citations.]" 442 U.S. 140, 157, 60 L. Ed. 2d 777, 792, 99 S. Ct. 2213, 2224-25.

Most recently, the Illinois supreme court in *Housby* considered an instruction given at a burglary trial which allowed the jury to infer the defendant had obtained possession of the property by burglary if they found that defendant had exclusive possession of recently stolen property and there was no reasonable explanation of his possession. The court applied the analysis set forth in *County Court* and stated that defendant's due process rights were not infringed upon by the inference if: (1) there was a rational connection between his recent possession of property stolen in the burglary and his participation in the burglary; (2) his guilt of burglary is more likely than not to flow from his recent, unexplained and exclusive possession of burglary proceeds; and (3) there was evidence corroborating defendant's guilt.

Under the evidence here, the instruction met the requirements of *Housby*, as: (1) there was a rational connection between her concealment and removal of merchandise beyond the last pay station and her presumed intent to steal the merchandise; (2) her intent to steal the mer-

chandise was more likely than not to flow from her concealment and removal of the goods beyond the last pay station; and (3) there was evidence corroborating defendant's guilt of retail theft. Although no data has been presented to this court as to the accuracy of the presumption here, the State suggests that "common sense and experience" would suggest that a person who conceals and carries merchandise beyond the last pay station in a retail store without paying for it generally intends to steal the goods.

In *Housby* and other criminal cases, permissive presumptions and inferences are treated as being one and the same thing. Thus the "bursting bubble" theory is not applicable. In *Housby* there was evidence contrary to the fact which the jury was permitted to presume or infer.

After *Housby*, Illinois Pattern Instructions, Criminal (2d ed. 1981), was approved by the supreme court and published. Instruction 13.21 concerning the inference arising from exclusive possession of recently stolen property was redrafted to incorporate the requirements of Housby. The Committee Note to the instruction states:

"The Committee recommends that no instruction be given on this subject, either in a theft case or elsewhere. The Committee believes that particular types of evidence should not be singled out, but should be left to the argument of counsel. Instruction 1.03 tells the jury that attorneys may argue reasonable inferences from the evidence.

The Committee realizes, however, that numerous Illinois decisions approve of instructions concerning the inference to be drawn from exclusive possession of recently stolen property. If the trial court determines that an instruction should be given on this matter, the Committee recommends the instruction set forth above. For the appropriate time to give this instruction examine *People v. Housby*, 84 Ill. 2d 415, 420 N.E.2d 151, 50 Ill. Dec. 834 (1981).

The judge should first determine as a matter of law whether the jury could find recent and exclusive possession."

■■ Although the inference here is at least as strong as the *Housby* inference, no similar history of instructing on the inference exists. In the light of the committee recommendation as to the *Housby* instruction, we disapprove of future use of the instruction given here. However, clearly, no constitutional right was violated by giving the instruction and under the overwhelming evidence of guilt, no reversible error occurred.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

LONDRIGAN and TRAPP, JJ., concur.