THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
EDDIE LEE FLOWERS, Defendant-Appellant.

Fourth District   No. 4—84—0709

Opinion filed June 27, 1985.

Daniel D. Yuhas and Lawrence Bapst, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert J. Biderman and Gwendolyn Klingler, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE MILLS delivered the opinion of the court:

Did the jury instruction require a *mandatory* presumption of intent?

Yes.

We must reverse and remand.

Retail theft. The sufficiency of the evidence is not challenged on appeal and, therefore, we shall recite only the elementary facts.

Eric Meyer, the night manager of Richard's Marketplace Convenience Center, testified that he observed defendant stuff two cartons of cigarettes down his pants, walk past the cash registers and toward the front doors. Meyer confronted defendant, a struggle ensued, and four cartons of cigarettes fell to the floor. Meyer subdued defendant and held him in an office until the police arrived. Defendant introduced no evidence at trial.

The trial court gave the jury People's Instruction No. 10 which stated:

> "If any person conceals upon his person or among his belongings unpurchased merchandise displayed for sale or in a retail mercantile establishment and removes that merchandise beyond the last known station for receiving payments for that merchandise in that retail mercantile establishment, such person shall be presumed to have possessed such merchandise with the intention of retaining it without paying the full retail value of such merchandise."

This instruction was patterned after section 16A—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 16A—4), which provides:

> "If any person:
>
> (a) conceals upon his or her person or among his or her belongings, unpurchased merchandise displayed, held, stored, or offered for sale in a retail mercantile establishment; and
>
> (b) removes that merchandise beyond the last known station

for receiving payments for that merchandise in that retail mercantile establishment such person shall be presumed to have possessed, carried away or transferred such merchandise with the intention of retaining it or with the intention of depriving the merchant permanently of the possession, use or benefit of such merchandise without paying the full retail value of such merchandise."

The only issue on appeal is whether the trial court erred in giving People's Instruction No. 10. Defendant argues that he was denied due process because the instruction contained a *mandatory presumption* establishing the element of intent and, therefore, alleviated the State's burden of proving every element of the offense beyond a reasonable doubt.

■■ The due process clause of the fourteenth amendment prohibits the State from using evidentiary presumptions in a jury charge that have the effect of relieving the State of its burden of persuasion beyond a reasonable doubt of every essential element of a crime. (*Francis v. Franklin* (1985), 471 U.S. \_\_\_\_, 85 L. Ed. 2d 344, 105 S. Ct. 1965; *Sandstrom v. Montana* (1979), 442 U.S. 510, 61 L. Ed. 2d 39, 99 S. Ct. 2450.) The initial inquiry in ascertaining the validity of a presumption is to determine whether it constitutes a mandatory or permissive presumption. When the presumption is *mandatory*—that is, when the jury must infer the presumed fact if the State proves the predicate facts—the presumed fact must flow beyond a reasonable doubt from the predicate facts. (*Sandstrom v. Montana* (1979), 442 U.S. 510, 61 L. Ed. 2d 39, 99 S. Ct. 2450; *People v. Housby* (1981), 84 Ill. 2d 415, 420 N.E.2d 151.) When the presumption is *permissive*—that is, when the jury is given the option of ignoring or relying on the presumption—the due process clause is violated only if the presumed fact is not one that reason and common sense justify in light of the proved facts. *Francis v. Franklin* (1985) 471 U.S. \_\_\_\_, 85 L. Ed. 2d 344, 105 S. Ct. 1965; *cf. People v. Housby* (1981), 84 Ill. 2d 415, 420 N.E.2d 151.

The State does not dispute that its instruction created a mandatory presumption. The jury had been instructed that, upon proof of certain predicate facts, defendant *"shall be presumed"* to have possessed the cigarettes with the intention of retaining them without paying the full retail value. No option was available; the jury was instructed that it must infer the presumed fact if the State proved the predicate facts. Under *Housby* and *Sandstrom,* the State's instruction is unconstitutional unless "the inferred fact [flows] beyond a reasonable doubt from the established fact." (*People v. Housby* (1981), 84 Ill.

2d 415, 420, 420 N.E.2d 151, 153.) Because the presumption was mandatory, it must be examined on its face to determine the extent to which the presumed and predicate facts coincide. *County Court v. Allen* (1979), 442 U.S. 140, 60 L. Ed. 2d 777, 99 S. Ct. 2213.

██ The validity of the presumption under the facts of the present case is not conclusive. As the Supreme Court stated in *County Court v. Allen*:

"To the extent that the trier of fact is forced to abide by the presumption, and may not reject it based on an independent evaluation of the particular facts presented by the State, the analysis of the presumption's constitutional validity is logically divorced from those facts and based on the presumption's accuracy in the run of cases. It is for this reason that the Court has held it irrelevant in analyzing a mandatory presumption *** that there is ample evidence in the record other than the presumption to support a conviction." 442 U.S. 140, 159-60, 60 L. Ed. 2d 777, 793-94, 99 S. Ct. 2213, 2226.

We find that possession of merchandise with the intent to permanently deprive a merchant of possession of the merchandise without paying its full retail value would not necessarily flow beyond a reasonable doubt "in the run of cases" from the predicate facts set forth in section 16A—4 of the Criminal Code of 1961. Although highly unlikely under the subject facts, it is not completely unreasonable to hypothesize a person carrying an item of merchandise past the last payment station, without paying for it, due to inadvertence or thoughtlessness and not due to an intention of retaining it without paying its full retail value.

Our holding is in accord with *People v. Martin* (1980), 86 Ill. App. 3d 77, 407 N.E.2d 999, wherein the court also held that an instruction patterned after section 16A—4 of the Criminal Code of 1961 was unconstitutional. Furthermore, in *People v. Killings* (1982), 103 Ill. App. 3d 1074, 431 N.E.2d 1387, we considered an instruction patterned after section 16A—4, but modified so that the instruction created a *permissive* presumption. We disapproved of the use of the instruction in future cases and further noted: "The State does not dispute that the instruction would have been a violation of defendant's due process rights had it been phrased in the mandatory terms of section 16A—4 defining an irrebuttable presumption." 103 Ill. App. 3d 1074, 1077, 431 N.E.2d 1387, 1389.

██ The State argues that defendant's failure to challenge the constitutionality of People's Instruction No. 10 at the time it was tendered constituted a waiver of his argument on appeal. Generally, the

failure to make an objection at trial to an error in jury instructions waives the issue for appeal. (*People v. Roberts* (1979), 75 Ill. 2d 1, 387 N.E.2d 331.) However, Supreme Court Rule 451(c) (87 Ill. 2d R. 451(c)) provides that "substantial defects" in instructions in criminal cases "are not waived by failure to make timely objections thereto if the interests of justice require." Moreover, the supreme court has stated that the waiver rule will not operate to deprive an accused of his constitutional rights of due process. (*People v. Roberts* (1979), 75 Ill. 2d 1, 387 N.E.2d 331; *People v. Burson* (1957), 11 Ill. 2d 360, 143 N.E.2d 239.) In the present case, the People's instruction clearly denied defendant his right to due process and, in the interest of justice, we choose not to apply the waiver rule.

█ The State next argues that other instructions given to the jury clearly indicated that the State had the burden of proving each element of the offense beyond a reasonable doubt. However, because we find that a reasonable juror would have interpreted People's Instruction No. 10 as creating a mandatory presumption, the constitutional infirmity resulting from this presumption cannot be cured by other instructions. See *Francis v. Franklin* (1985), 471 U.S. ___, 85 L. Ed. 2d 344, 105 S. Ct. 1965.

Reversed and remanded.

McCULLOUGH and MORTHLAND, JJ., concur.