THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
CHERYL LYNN WILSON, Defendant-Appellant.

Fourth District   No. 4—85—0117

Opinion filed February 27, 1986.

McCULLOUGH, P.J., concurring in part and dissenting in part.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

James R. Benson, State's Attorney, of Paxton (Robert J. Biderman and Patrick T. Curran, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE MORTHLAND delivered the opinion of the court:

The defendant, Cheryl Lynn Wilson, appeals from her conviction of shoplifting several packages of cigarettes. We reverse and remand for a new trial.

Trial was held December 3, 1984. Testimony indicates that on August 16, 1984, an employee of the Gibson City, Illinois, Eisner store, observed the defendant slipping several packages of cigarettes into her jeans. The employee notified the store manager of what she had seen and the owners then accosted the defendant. The store owners accompanied the defendant to the store office and then asked her if she had any of the store's merchandise. After initially denying that she had any merchandise, the defendant then unzipped her jeans and produced two packs of cigarettes. When the store owner asked the defendant if she had any other merchandise, the defendant handed her four additional packs of cigarettes.

Caroline Kemper, a Gibson City police officer, was called to the Eisner store and arrested the defendant. The officer retrieved the cigarettes, which were labelled People's exhibit No. 1 at trial, and testified that the defendant stated she had been going to her car to get money to pay for the cigarettes. The defendant also told the officer that the cigarettes were for her boyfriend because she did not smoke. After the defendant's motion for a directed verdict was denied, the defense rested without presenting evidence.

The jury returned a verdict finding the defendant guilty of retail theft in violation of section 16A–3(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 16A–3(a)). The court sentenced the defendant to seven days in the county jail and ordered her to pay restitution of $20.

On appeal, the defendant raises three arguments. The defendant initially contends that the trial court erred in failing to question prospective jurors on several critical issues during *voir dire.* Although the defendant submitted a number of questions for the court to ask, the crucial questions relate to whether the jurors understood that the defendant was presumed innocent throughout the trial and whether the jurors understood and agreed with the proposition that the State must establish the defendant's guilt beyond a reasonable doubt; whether the prospective jurors would hold against the defendant her failure to testify; and whether the jurors could vote for a verdict of not guilty if the State did not meet its burden.

The defendant also claims that the People's jury instruction No. 11 contained an impermissible mandatory presumption which relieved the State of proving all elements of its case. The disputed instruction

stated:

> "If you find that the defendant concealed on her person, unpurchased merchandise offered for sale at a retail merchandise establishment; and removed that merchandise beyond the last known station for receiving payments for that merchandise, said person *shall be presumed* to have possessed the merchandise with the intention of retaining it or with the intention of depriving the merchant permanently of the possession, use or benefit of such merchandise without paying the full retail value of the merchandise.
>
> However, *this presumption is not binding on you* and you may take into consideration any other evidence in determining whether or not the defendant committed retail theft." (Emphasis added.)

Finally, the defendant contends that her sentence was excessive and that the trial court erred in not stating its reasons for incarcerating her rather than placing her under court supervision. We do not reach this last argument in light of our disposition of the first two contentions.

■ ■ Generally, the trial court has discretion in questioning prospective jurors. (94 Ill. 2d R. 234.) Although Supreme Court Rule 234 states jurors shall not be questioned "directly or indirectly concern-[ing] matters of law or instructions," the Illinois Supreme Court has ruled that when questions go to the "heart of a particular bias or prejudice," such questions must be asked notwithstanding Rule 234. (*People v. Zehr* (1984), 103 Ill. 2d 472, 477, 469 N.E.2d 1062, 1063.) In *Zehr*, defense counsel tendered the following questions, which the trial court left unasked:

> "1. If at the close of all the evidence and after you have heard arguments of counsel you believe that the State has failed to sustain the burden of proof and has failed to prove the defendant guilty beyond a reasonable doubt, would you have any hesitation whatsoever in returning a verdict of Not Guilty?
>
> 2. If the defendant, Mr. Zehr, decides not to testify in his own behalf, would you hold it against him?
>
> 3. Do you understand that the defendant is presumed innocent and does not have to offer any evidence in his own behalf, but must be proven guilty beyond a reasonable doubt by the State?" 103 Ill. 2d 472, 476, 469 N.E.2d 1062, 1063-64.

The court in *Zehr* held that the questions at issue went to the heart of matters essential to finding an unbiased jury. Although *Zehr* is to apply only prospectively (*People v. Britz* (1986), 112 Ill. 2d 314),

we note that trial in the present case occurred after the supreme court decided *Zehr*. Accordingly, failure to cover this subject matter in some form constituted reversible error.

In the present case, the questions which the defendant sought to have asked of prospective jurors cover the same areas as in *Zehr*. These questions were not asked. Moreover, the court's inquiry regarding an individual juror's understanding of the burden of proof was not sufficient to cure the deficiencies in the court's questioning of prospective jurors as a group. Similarly, this is not a case such as *People v. Leamons* (1984), 127 Ill. App. 3d 1056, 469 N.E.2d 1137. In *Leamons,* the court addressed the *venire* as a whole with extensive instructions concerning the State's burden of proof, the presumption of innocence, and the other matters sought to be addressed by the defendant's proposed questions. Here, the court commenced *voir dire* without any general charge and never covered the critical issues of the presumption of innocence and the possibility of the defendant failing to testify. The trial court's treatment of the burden of proof was likewise inadequate. Accordingly, we reverse the defendant's conviction and remand this cause for a new trial with proper and adequate questioning during *voir dire.*

Because we have determined that a new trial is necessary, we also address the defendant's second contention, that the defendant's due process rights were violated by use of a mandatory presumption establishing the element of intent. This presumption allegedly alleviated the State's burden of proving every element of the offense beyond a reasonable doubt in violation of constitutional due process guarantees.

■ This court succinctly stated the law regarding evidentiary presumption in *People v. Flowers* (1985), 134 Ill. App. 3d 324, 480 N.E.2d 198. In *Flowers,* we noted that:

"The due process clause of the fourteenth amendment prohibits the State from using evidentiary presumptions in a jury charge that have the effect of relieving the State of its burden of persuasion beyond a reasonable doubt of every essential element of a crime. (*Francis v. Franklin* (1985), 471 U.S. [307], 85 L. Ed. 2d 344, 105 S. Ct. 1965; *Sandstrom v. Montana* (1979), 442 U.S. 510, 61 L. Ed. 2d 39, 99 S. Ct. 2450.) The initial inquiry in ascertaining the validity of a presumption is to determine whether it constitutes a mandatory or permissive presumption. When the presumption is *mandatory*—that is, when the jury must infer the presumed fact if the State proves the predicate facts—the presumed fact must flow beyond a reason-

able doubt from the predicate facts. (*Sandstrom v. Montana* (1979), 442 U.S. 510, 61 L. Ed. 2d 39, 99 S. Ct. 2450; *People v. Housby* (1981), 84 Ill. 2d 415, 420 N.E.2d 151.) When the presumption is *permissive*—that is, when the jury is given the option of ignoring or relying on the presumption—the due process clause is violated only if the presumed fact is not one that reason and common sense justify in light of the proved facts. *Francis v. Franklin* (1985), 471 U.S. [307], 85 L. Ed. 2d 344, 105 S. Ct. 1965; *cf. People v. Housby* (1981), 84 Ill. 2d 415, 420 N.E.2d 151." 134 Ill. App. 3d 324, 326, 480 N.E.2d 198, 199-200.

We proceeded, in *Flowers,* to hold that an instruction identical to the first paragraph of the instruction at issue here contained an unconstitutional mandatory presumption. (*People v. Flowers* (1985), 134 Ill. App. 3d 324, 327, 480 N.E.2d 198, 200; accord, *People v. Martin* (1980), 86 Ill. App. 3d 77, 407 N.E.2d 999.) The instruction in the present case adds a second paragraph which informs the jurors that the presumption "is not binding on you" and also tells the jury that they may consider other evidence in determining whether the defendant committed the crime as charged. The State contends that, unlike the instruction in *Flowers,* the present instruction creates a constitutional "permissive" inference.

■ We believe the instruction at issue is most properly construed as creating a rebuttable mandatory presumption. The effect of this instruction is to permit the State to rely upon a concededly unconstitutional presumption unless other evidence caused the jury to disregard the presumption. Ultimately, the instruction at issue in this case shifts the burden of proving the element of intent from the State to the defendant. Accordingly, the instruction was unconstitutional. (*Francis v. Franklin* (1985), 471 U.S. 307, 85 L. Ed. 2d 344, 105 S. Ct. 1965; *Sandstrom v. Montana* (1979), 442 U.S. 510, 61 L. Ed. 2d 39, 99 S. Ct. 2450.) The trial court erred in submitting the instruction at issue to the jury. We note also that even were we to accept the State's contention that this instruction created only a permissible inference rather than a rebuttable mandatory presumption, it would nevertheless be improper. *People v. Killings* (1982), 103 Ill. App. 3d 1074, 431 N.E.2d 1387.

Because we reverse the judgment of the trial court and remand for a new trial, we do not address the defendant's contentions regarding her sentence.

Reversed and remanded.

SPITZ, J., concurs.

PRESIDING JUSTICE McCULLOUGH, concurring in part and dissenting in part:

I agree with the majority that *Zehr* requires that the judgment of the trial court be reversed and the cause remanded for a new trial.

I disagree with the majority where they find that the trial court erred in giving People's instruction No. 11. In *People v. Housby* (1981), 84 Ill. 2d 415, 420 N.E.2d 151, *cert. denied* (1981), 454 U.S. 845, 70 L. Ed. 2d 131, 102 S. Ct. 160, concerning the inference of burglary where the defendant had exclusive possession of recently stolen property and there was no reasonable explanation of its possession, the court stated the inference used did not infringe upon the defendant's due process right if (1) there was a rational connection between his recent possession of property stolen in a burglary and his participation in the burglary; (2) his guilt of burglary is more likely than not to flow from his recent, unexplained and exclusive possession of burglary proceeds; and (3) there was evidence corroborating the defendant's guilt.

The second paragraph in the instruction made it clear to the jury that they had an option to accept or reject the presumption. In *Flowers* which concerned only the first paragraph of the instruction given in the case at bar, the instruction was found to be mandatory and violated due process. There was, however, no second paragraph giving the jury the option of using the presumption.

In *People v. Killings* (1982), 103 Ill. App. 3d 1074, 431 N.E.2d 1387, this court found the requirements of *Housby* to have been met in that (1) there was a rational connection between concealment and removal of the merchandise beyond the last pay station and a presumed intent to steal the merchandise; (2) her intent to steal the merchandise was more likely than not to flow from her concealment and the removal of the goods from beyond the last pay station; and (3) there was evidence corroborating the defendant's guilt of retail theft. Here, an employee of the food store saw the defendant put the cigarettes up her shirt, walk past the last checkout lane and out of the store without paying. When she was asked to go back into the store, she initially denied having anything hidden on her and after the manager revealed to her what information he had, she unzipped her pants and pulled out two packs of cigarettes. When asked if she had more, she handed over four more packs. The evidence that the defendant intended to steal the cigarettes is overwhelming and uncontradicted. Error, if any, in giving of the instruction by the trial court was harmless.

It should be noted also that the jury was instructed that they should consider all of the evidence in light of their own observation and experience in life, that the State must prove the defendant knowingly took possession of the merchandise with the intent to permanently deprive, that only if each of the elements has been proved beyond a reasonable doubt that they should find the defendant guilty, that the defendant was presumed to be innocent and the burden of proof required of the State. These instructions were similar to those given in *Housby* which stated:

> "[T]he remaining instructions in the charge, when taken together with the permissive wording of the instruction objected to, adequately informed the jury that it had the option of disregarding the presumption if it so chose." *People v. Housby* (1981), 84 Ill. 2d 415, 434, 420 N.E.2d 151, 160.