THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANDREW TAYLOR, Defendant-Appellant.

First District (3rd Division)   No. 1—02—1319

Opinion filed December 3, 2003.—Rehearing denied December 18, 2003.

930

Michael J. Pelletier and Kimberly Jansen, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, John E.

Nowak, and John P. Russell, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

The defendant, Andrew Taylor, was charged with aggravated battery of a merchant, retail theft of merchandise valued at less than $150, and retail theft of merchandise valued in excess of $150. Following a bench trial, the defendant was convicted of aggravated battery of a merchant and retail theft of merchandise valued at less than $150, and was sentenced to concurrent prison terms of five years for aggravated battery and three years for retail theft. On appeal, the defendant contends that: (1) section 16A—4 of the retail theft statute (720 ILCS 5/16A—4 (West 2000)) is unconstitutional because it contains a mandatory presumption that relieves the State of its burden to prove the element of intent beyond a reasonable doubt; (2) the State failed to prove him guilty of aggravated battery beyond a reasonable doubt; and (3) he received ineffective assistance of counsel. For the reasons that follow, we affirm.

The evidence at trial showed that on November 1, 2001, Justin Ermlich and Oscar Galarza, two security personnel employed by the Filene's Basement store, and Derrick Moore, a sales associate, were working at the store. Ermlich testified that, at approximately 6:25 p.m., he and Galarza were monitoring the surveillance cameras in the security office when they observed an individual whom they had seen in the store on three prior occasions that day. Ermlich stated that he and Galarza followed the individual on the security camera as he approached the defendant. According to Ermlich, the two men engaged in a brief conversation, and then the defendant handed the individual a shopping bag from Filene's Basement. The individual held the bag open while the defendant removed six sweaters from a clothing rack, rolled them up, and placed them inside the bag. The individual returned the bag to the defendant and then exited the store. Ermlich stated that, as the defendant began walking away, he left the security office and followed the defendant toward the escalator leading to the store's exit. Ermlich also remained in radio contact with Galarza, who continued to monitor the security camera during this time. According to Ermlich, the defendant ascended the escalator, without stopping at any point, and exited the store without paying for the items in the bag.

Ermlich testified that he stopped the defendant at the escalator landing and identified himself as a security officer working for Filene's Basement. Ermlich recovered the bag from the defendant and requested

that the defendant accompany him back inside the store, but the defendant refused. Ermlich stated that Galarza arrived at the scene shortly thereafter and ran in pursuit of the other individual who was with the defendant. According to Ermlich, the defendant then attempted to run down the escalator, but Ermlich, assisted by Moore, subsequently apprehended him. Ermlich testified that, as he reached for his handcuffs, the defendant appeared to be reaching for something behind his back. Ermlich grabbed the defendant's arm, and the defendant attempted to run away. Ermlich stated that he again grabbed the defendant, who then turned around and sprayed Ermlich's face with pepper spray. Ermlich hit the defendant, and then he and Moore held him down while Galarza returned to the scene and placed the defendant in handcuffs. Moore also testified at trial and essentially corroborated Ermlich's testimony.

Galarza testified that, after watching the incident on the security camera, he recovered the bag from Ermlich and then left to pursue the defendant's accomplice. When he returned to the store, he assisted Ermlich and Moore and handcuffed the defendant. Thereafter, Galarza took the bag recovered from the defendant to the security office and examined the merchandise contained inside, which he found still had the price tags from the store on them.

The State introduced into evidence, *inter alia*, the surveillance video which depicted the incident from the time the individual approached the defendant in the store until the time the defendant ascended the escalator. After the State rested, defense counsel made a motion for a directed finding on all three counts. The court found that the State failed to prove the value of the merchandise and, therefore, granted the motion as to the charge of retail theft of merchandise valued in excess of $150. The trial court denied the motion as to the remaining two counts. Defense counsel then rested without calling any witnesses.

The trial court found the defendant guilty of aggravated battery of a merchant and retail theft of merchandise valued at less than $150. The defendant was subsequently sentenced to concurrent prison terms of five years for aggravated battery and three years for retail theft. He now appeals.

■ The defendant first contends that section 16A—4 of the retail theft statute (720 ILCS 5/16A—4 (West 2000)) is unconstitutional and violates the due process clause of the fourteenth amendment to the United States Constitution (U.S. Const., amend. XIV) because it contains a mandatory presumption that relieves the State of its burden to prove the element of intent beyond a reasonable doubt. Although the defendant failed to raise this issue at trial or in his posttrial mo-

tion, we will address the merits of his argument, as a challenge to the constitutionality of a statute may be raised at any time. *People v. Wagener*, 196 Ill. 2d 269, 279, 752 N.E.2d 430 (2001).

■ Statutes carry a strong presumption of constitutionality and the challenging party has the burden of rebutting that presumption. *People v. Maness*, 191 Ill. 2d 478, 483, 732 N.E.2d 545 (2000). This court has a duty to interpret a statute in a manner that upholds its validity if it can reasonably be done. See *People v. Fisher*, 184 Ill. 2d 441, 448, 705 N.E.2d 67 (1998). The constitutionality of a statute is subject to *de novo* review. *People v. Malchow*, 193 Ill. 2d 413, 418, 739 N.E.2d 433 (2000).

■ The due process clause of the fourteenth amendment of the United States Constitution requires the State to prove a criminal defendant guilty of every element of an offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 316, 61 L. Ed. 2d 560, 571, 99 S. Ct. 2781, 2787 (1979). In establishing a defendant's guilt, the State may be entitled to rely upon presumptions and inferences. *County Court v. Allen*, 442 U.S. 140, 156, 60 L. Ed. 2d 777, 791, 99 S. Ct. 2213, 2224 (1979); *People v. Hester*, 131 Ill. 2d 91, 98, 544 N.E.2d 797 (1989). Presumptions may be either permissive or mandatory. A permissive presumption allows, but does not require, the fact finder to infer the existence of the ultimate or presumed fact upon proof of the predicate fact. In contrast, a mandatory presumption requires the fact finder to accept the presumption. *People v. Pomykala*, 203 Ill. 2d 198, 203, 784 N.E.2d 784 (2003). Mandatory presumptions may be further classified as conclusive or rebuttable. *Pomykala*, 203 Ill. 2d at 203. The United States Supreme Court has held that mandatory conclusive presumptions are unconstitutional because they conflict with the presumption of innocence. *Sandstrom v. Montana*, 442 U.S. 510, 523, 61 L. Ed. 2d 39, 50, 99 S. Ct. 2450, 2459 (1979). The Supreme Court has further held that mandatory rebuttable presumptions that shift the burden of persuasion to the defendant are *per se* unconstitutional because they relieve the State of its burden of proving every element of the offense beyond a reasonable doubt. *Sandstrom*, 442 U.S. at 524, 61 L. Ed. 2d at 51, 99 S. Ct. at 2459. Our supreme court has subsequently held that mandatory rebuttable presumptions that shift the burden of production to the defendant are also unconstitutional. *People v. Watts*, 181 Ill. 2d 133, 147, 692 N.E.2d 315 (1998). Accordingly, as stated recently by our supreme court in *People v. Pomykala*, 203 Ill. 2d 198, 204, 784 N.E.2d 784 (2003), under Illinois law, all mandatory presumptions are now considered to be *per se* unconstitutional.

■ The defendant argues that section 16A—4 of the retail theft

statute contains a mandatory presumption that is unconstitutional under our supreme court's holding in *Pomykala*. We agree.

Section 16A—4 provides as follows:

"Presumptions. If any person:

(a) conceals upon his or her person or among his or her belongings, unpurchased merchandise displayed, held, stored or offered for sale in a retail mercantile establishment; and

(b) removes that merchandise beyond the last known station for receiving payments for that merchandise in that retail mercantile establishment such person *shall be presumed* to have possessed, carried away or transferred such merchandise with the intention of retaining it or with the intention of depriving the merchant permanently of the possession, use or benefit of such merchandise without paying the full retail value of such merchandise." (Emphasis added.) 720 ILCS 5/16A—4 (West 2000).

The defendant correctly points out that this court, along with the Fourth and Second Districts of the Appellate Court, has held that a jury instruction incorporating the presumption set forth in section 16A—4 is unconstitutional as it relieves the State of its burden of proving the requisite element of intent. See *People v. Martin*, 86 Ill. App. 3d 77, 407 N.E.2d 999 (1980); *People v. Flowers*, 134 Ill. App. 3d 324, 480 N.E.2d 198 (1985); *People v. Dodd*, 173 Ill. App. 3d 460, 527 N.E.2d 1079 (1988). In *Martin*, this court found that an instruction stating that a defendant's intent "shall be presumed" upon the State showing that the defendant concealed and removed merchandise past the last known payment station may have been interpreted by the jury as constituting either a conclusive or burden-shifting presumption. We held that, as either type of presumption violates due process of the law, an instruction based on the language in section 16A—4 is unconstitutional. *Martin*, 86 Ill. App. 3d at 80. However, in *Martin*, we specifically declined to comment on the constitutionality of section 16A—4 itself, as the issue was not raised on appeal. *Martin*, 86 Ill. App. 3d at 80.

In *Flowers*, the jury was given an instruction based on virtually the identical language contained in section 16A—4. The Fourth District held that the language "shall be presumed" created a mandatory presumption, as the jury had no choice but to find the requisite intent once the State proved the predicate fact. *Flowers*, 134 Ill. App. 3d at 326. In determining whether the presumption was constitutional, the *Flowers* court applied the relevant test at the time, which was whether the inferred fact flowed beyond a reasonable doubt from the predicate fact. *Flowers*, 134 Ill. App. 3d at 326-27. In holding the jury instruction at issue was unconstitutional, the court found that posses-

sion of merchandise with the intent to permanently deprive a merchant of possession of the merchandise without paying its full retail value would not necessarily flow beyond a reasonable doubt from the predicate facts set forth in section 16—4. *Flowers*, 134 Ill. App. 3d at 327. The court stated: "Although highly unlikely under the subject facts, it is not completely unreasonable to hypothesize a person carrying an item of merchandise past the last payment station, without paying for it, due to inadvertence or thoughtlessness and not due to an intention of retaining it without paying its full retail value." *Flowers*, 134 Ill. App. 3d at 327. Subsequently, the Second District in *Dodd* adopted the reasoning employed in *Flowers* and likewise found that a jury instruction based on the language in section 16A—4 contained an unconstitutional mandatory presumption. *Dodd*, 173 Ill. App. 3d at 469-70.

Based on the reasoning set forth in *Martin, Flowers*, and *Dodd*, we find that the presumption contained in section 16—4 of the retail theft statute is mandatory. As all mandatory presumptions are unconstitutional, we hold that the presumption contained in section 16—4 is constitutionally infirm. See *Pomykala*, 203 Ill. 2d at 204.

Having determined that the presumption portion of the retail theft statue is unconstitutional, we must determine whether this section of the statute is severable from the remainder of the statute. Section 16A—8 of the statute contains a severability provision, which states as follows:

> "If any Section, clause, sentence, paragraph or part of this Article is for any reason adjudged by any court of competent jurisdiction to be invalid, such judgment will not affect, impair or invalidate the remainder thereof, but shall be confined in its operation to the Section, clause, sentence, paragraph or part thereof directly involved in the controversy in which such judgment shall have been rendered." 720 ILCS 5/16A—8 (West 2000).

In determining whether section 16A—4 may be severed from the statute, we note that the presumption contained therein serves only to ease the State's burden of establishing the element of intent. The element of intent, however, may be established without the presumption, as intent may be inferred by surrounding circumstances and may be proved by circumstantial evidence. See *People v. Jones*, 334 Ill. App. 3d 420, 424, 778 N.E.2d 234 (2002); *People v. Smith*, 295 Ill. App. 3d 405, 407, 692 N.E.2d 837 (1998). Accordingly, pursuant to the authority under section 16A—8, we conclude that section 16A—4 may be severed from the remainder of the retail theft statute.

■ The defendant argues that, if we hold the presumption set forth in section 16A—4 to be unconstitutional, we must then reverse

his conviction and remand the cause for a new trial. The State argues that the defendant's conviction need not be reversed because the record is devoid of any showing that the trial court relied on the presumption in section 16A—4. For the reasons that follow, we agree with the State's argument on this issue.

In a bench trial, a trial judge is presumed to know the law, and this presumption is rebutted only when the record affirmatively shows the contrary. *People v. Bowen*, 241 Ill. App. 3d 608, 622, 609 N.E.2d 346 (1993). A review of the record reveals no reference to the presumption contained in section 16A—4. The State did not rely on it, mention it, or seek application of it; nor did the trial judge mention the presumption in making his finding of guilt. Because we may presume that a trial judge knows the law, we may assume that the trial judge in the instant case was aware that the presumption in section 16A—4 was held to be mandatory in *Martin, Flowers,* and *Dodd,* and was, as a consequence, unconstitutional. Accordingly, we may assume that the trial judge found the defendant guilty of retail theft without relying on the constitutionally infirm presumption but, rather, inferred the requisite intent from the surrounding circumstances.

The defendant next argues that the State failed to prove him guilty beyond a reasonable doubt of aggravated battery of a merchant because the evidence was insufficient to show that the defendant knew that Ermlich was a merchant.

■ In considering a defendant's challenge to the sufficiency of the evidence, the relevant question is whether, after viewing all of the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *People v. Brooks*, 187 Ill. 2d 91, 132, 718 N.E.2d 88 (1999). A reviewing court will not substitute its judgment for that of the trier of fact, who had the opportunity to observe the demeanor of the witnesses. *People v. Dizon*, 297 Ill. App. 3d 880, 887, 697 N.E.2d 780 (1998). Moreover, a conviction will not be set aside for insufficient evidence unless the evidence is so improbable or unsatisfactory as to give rise to a reasonable doubt of guilt. *People v. Taylor*, 186 Ill. 2d 439, 445, 712 N.E.2d 326 (1999).

■ Pursuant to section 12—4(b)(15) of the Criminal Code of 1961 (720 ILCS 5/12—4(b)(15) (West 2000)), a person commits an aggravated battery when, in committing a battery, he or she "[k]nowingly and without legal justification and by any means causes bodily harm to a merchant who detains the person for an alleged commission of retail theft under Section 16A—5" of the Code. A "merchant" is defined as "an owner or operator of any retail mercantile establishment or any agent, employee, lessee, consignee, officer, director,

franchisee or independent contractor of such owner or operator." 720 ILCS 5/16A—2.4 (West 2000).

■ Here, Ermlich testified that he identified himself as a security officer employed by the store when he approached the defendant on the escalator. The defendant asserts that Ermlich's testimony was insufficient to show that he knew that Ermlich was a merchant because he did not testify that he took any step to get the defendant's attention before identifying himself, nor did he testify that the defendant turned around, responded, or otherwise demonstrated that he heard Ermlich's identification. The defendant further claims that, as the surveillance video showed that Ermlich was dressed in plain clothes, the defendant "could reasonably have believed that Ermlich was a private person attempting to rob defendant rather than a merchant attempting to detain him." We find Ermlich's uncontradicted testimony that he identified himself to the defendant, if believed, was sufficient to establish that the defendant knew that Ermlich was a merchant. See *People v. Barry*, 6 Ill. App. 3d 836, 838, 286 N.E.2d 753 (1972) (Testimony of plainclothes policeman that he announced himself as a police officer at the same time that he grabbed defendant's gun was sufficient to establish that the defendant knew the individual assaulted was a police officer and was sufficient to support a conviction for aggravated assault). Viewing the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found that the defendant was aware of Ermlich's status as a merchant.

The defendant next contends that he was denied the effective assistance of counsel because his attorney conceded his guilt during opening and closing arguments. Specifically, the defendant directs us to his attorney's comment made in the context of arguing that the State would not be able to prove that the defendant stole merchandise over $150. Defense counsel stated:

> "[The defendant] *he's gonna steal stuff from Filene's Basement. Okay, this is not in dispute. He did steal stuff.* The question is what does he steal. How many items." (Emphasis added.)

The defendant further points out that, during closing arguments, defense counsel commented, "what can we say judge[?]" in response to the charge of retail theft against the defendant. The defendant asserts that he was denied the effective assistance of counsel because his attorney's remarks left the trial court "with no choice but to convict defendant of retail theft."

■ To support a claim of ineffective assistance of counsel, the defendant must first establish that his counsel's representation fell below an objective standard of reasonableness. *Strickland v. Washing-*

*ton*, 466 U.S. 668, 687-88, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984); *People v. Albanese*, 104 Ill. 2d 504, 526-27, 473 N.E.2d 1246 (1984). The defendant must also show that there is a reasonable probability that the result of the proceeding would have been different if counsel had not erred. *Strickland*, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068. The defendant must overcome a "strong presumption" that his lawyer's conduct falls within a wide range of reasonable professional assistance and that the challenged conduct constitutes sound trial strategy. *Strickland*, 466 U.S. at 689, 80 L. Ed. 2d at 694-95, 104 S. Ct. at 2065.

■ Relying on our supreme court's decision in *People v. Hattery*, 109 Ill. 2d 449, 488 N.E.2d 513 (1985), the defendant first argues that he need not satisfy the prejudice prong of *Strickland* because his attorney in effect conceded his guilt. In *Hattery*, our supreme court stated, "Where 'counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable.' " *Hattery*, 109 Ill. 2d at 461, quoting *Strickland*, 466 U.S. at 659, 80 L. Ed. 2d at 668, 104 S. Ct. at 2047. While the defendant is correct that an attorney's concession of his client's guilt can fall into the extreme class of ineffective assistance of counsel where prejudice will be presumed (*Hattery*, 109 Ill. 2d at 461; *People v. Nieves*, 192 Ill. 2d 487, 494, 737 N.E.2d 150 (2000)), prejudice is only presumed where defense counsel entirely fails to subject the prosecution's case to meaningful adversarial testing (*Nieves*, 192 Ill. 2d at 494). In the instant case, although defense counsel conceded that the defendant had stolen merchandise, the record shows that he, *inter alia*: rigorously cross-examined the State's witnesses; successfully moved for a directed finding as to the charge of retail theft of merchandise in excess of $150; challenged the admissibility of the State's evidence, including an apprehension report completed by Ermlich and signed by the defendant and a receipt containing a value for the merchandise found in the bag recovered from the defendant; and aggressively argued that the State failed to meet its burden of showing that the defendant caused bodily harm to Ermlich or had knowledge of his status as a merchant. Under these facts, we find that defense counsel did not entirely fail to subject the State's case to meaningful adversarial testing, and, as a consequence, prejudice will not be presumed.

Here, there was overwhelming evidence against the defendant. Ermlich and Galarza testified that they observed the defendant hand an individual a bag from Filene's Basement, remove six sweaters from a clothing rack, and then place them in the bag held by the individual.

Ermlich testified that he followed the defendant as he ascended the escalator, without stopping at any point, and observed him exit the store without paying for the items in the bag. Galarza testified that the bag recovered from the defendant revealed six sweaters containing price tags from Filene's Basement. The trial court also viewed the surveillance video. We conclude that, based on the overwhelming evidence against the defendant, the outcome of the trial would not have been different even without defense counsel's comments. Because we may dispose of the ineffectiveness claim on the basis that the defendant did not suffer sufficient prejudice, we need not consider the first prong of *Strickland*. See *Strickland*, 466 U.S. at 696, 80 L. Ed. 2d at 699, 104 S. Ct. at 2069. Accordingly, we reject the defendant's claim of ineffective assistance of counsel.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

SOUTH and KARNEZIS, JJ., concur.